[Cite as *Discover Bank v. Passmore*, 2016-Ohio-3121.]

# IN THE COURT OF APPEALS

# ELEVENTH APPELLATE DISTRICT

# LAKE COUNTY, OHIO

| | | |
|---|---|---|
| DISCOVER BANK, | : | **O P I N I O N** |
| Plaintiff-Appellee, | : | |
| - vs - | : | **CASE NO. 2015-L-098** |
| THERESA M. PASSMORE, | : | |
| Defendant/Third Party Plaintiff-Appellant, | : | |
| | : | |
| -vs- | : | |
| LEVY & ASSOCIATES, LLC, et al., | : | |
| | : | |
| Third Party Defendants-Appellees. | : | |

Civil Appeal from the Lake County Court of Common Pleas, Case No. 10 CV 002054.

Judgment: Affirmed.


*Steven A. Friedman*, Squire Patton Boggs (US) LLP, 4900 Key Tower, 127 Public Square, Cleveland, OH 44114 (For Plaintiff-Appellee).

*Anand N. Misra*, The Misra Law Firm, L.L.C., 3659 Green Road, Suite 100, Beachwood, OH 44122; *Robert S. Belovich*, 9100 South Hills Boulevard, Suite 320, Broadview Heights, OH 44147 (For Defendant/Third Party Plaintiff-Appellant).

*Boyd W. Gentry* and *Zachary P. Elliott*, Law Office of Boyd W. Gentry, LLC, 2661 Commons Boulevard, Suite 100, Beavercreek, OH 45431 (For Third Party Defendants-Appellees).

TIMOTHY P. CANNON, J.

{¶1} Appellant, Theresa M. Passmore, appeals the judgment of the Lake County Court of Common Pleas granting motions to confirm an arbitration award in favor of appellees, Discover Bank, Yale R. Levy, and Levy & Associates, LLC, and dismissing Passmore's counterclaims. For the reasons that follow, we affirm the trial court's judgment.

{¶2} In July 2010, Discover Bank filed a complaint against Passmore to collect a credit card debt in the Lake County Court of Common Pleas ("the Trial Court"). Discover Bank did not attach a copy of the cardmember agreement to its complaint. Passmore filed a counterclaim against Discover Bank and its counsel, Yale R. Levy of Levy & Associates, LLC ("Levy"). Passmore alleged fraud, abuse of process, defamation, civil conspiracy, and violations of the Federal Debt Collection Practice Act and the Ohio Consumer Protection Act. She also asserted class action allegations on behalf of herself and others similarly situated.

{¶3} Discover Bank voluntarily dismissed its claim against Passmore in October 2010 and filed a motion to compel arbitration and to stay or dismiss the counterclaim. Discover Bank alleged the credit card agreement between the parties contained a valid arbitration clause and attached an unauthenticated copy of the agreement to its motion. Passmore objected, as the copy was not self-authenticating under Evid.R. 902 and Discover Bank did not present the court with evidentiary materials to substantiate it as authentic. Discover Bank filed a reply, this time attaching another copy of the cardmember agreement and a declaration from Jeff Naami, the

2

director of Discover Bank's credit card servicing affiliate. Naami's declaration stated the agreement was a true and accurate copy, but the declaration was not notarized.

{¶4} In June 2011, the Trial Court denied Discover Bank's motion. The Trial Court held that it could not make a determination regarding whether the case was referable to arbitration because Discover Bank had "not presented this court with any credible evidence that the credit card agreements attached to either its motion to compel or its reply in support are actually binding on Passmore."

{¶5} In the meantime, Levy had filed a motion to realign the parties. The Trial Court granted this motion because "the only claims still pending before this court are those asserted by Passmore." In doing so, the Trial Court relied on (1) a procedural ruling issued by the Ohio Supreme Court, which granted a motion to realign the parties for purposes of oral argument; and (2) a Sixth District Appellate Court decision acknowledging the trial court had granted a motion to realign—a judgment not challenged or addressed on appeal. *See McCrone v. Bank One Corp.*, 105 Ohio St.3d 1444, 2005-Ohio-669; *Magyar v. Lightning Rod Mut. Ins. Co., Inc.*, 6th Dist. Erie No. E-95-007, 1995 Ohio App. LEXIS 4537 (Oct. 13, 1995). The Trial Court ordered Passmore to refile her counterclaim as an amended complaint against the counterclaim defendants within 30 days.

{¶6} Passmore filed a motion to reconsider the order to realign the parties. Before the Trial Court could address that motion, Levy removed the case to the U.S. District Court, Northern District of Ohio ("the District Court") on July 5, 2011. Passmore then moved the District Court to reconsider the Trial Court's order to realign the parties, which was denied.

3

**{¶7}** Discover Bank and Levy filed renewed motions to compel arbitration and to stay or dismiss the case. The District Court found that it had authority to reconsider the Trial Court's order because it was interlocutory, citing Fed.Civ.R. 54(b) and *Rodriguez v. Tennessee Laborers Health & Welfare Fund*, 89 Fed.Appx. 949, 959 (6th Cir.2004). The District Court then stated it must apply federal law in determining whether to consider Naami's declaration as evidence that the cardmember agreement was a true and accurate copy, citing *Granny Goose Foods Inc. v. Brotherhood of Teamsters*, 415 U.S. 423, 437 (1974).

**{¶8}** The District Court held that Naami's declaration was properly authenticated under 28 U.S.C. § 1746, which provides that a properly sworn statement may be filed in lieu of a notarized affidavit. More importantly, although the District Court did not mention this in its entry, the declaration submitted before the District Court was in fact notarized. It then found that "[a]ll necessary showings have been made to demonstrate that the arbitration clause in the Cardmember Agreement is valid, enforceable, and binds the parties currently before the Court to arbitrate this particular dispute." The District Court granted the motions to compel arbitration and stayed the case pending arbitration.

**{¶9}** On June 29, 2012, Passmore initiated arbitration proceedings. In November 2013, the arbitrator ruled in favor of Discover Bank and Levy on all claims. On May 26, 2014, Discover Bank and Levy filed motions with the District Court to confirm the arbitration award. Passmore responded by filing a motion to set aside judgment, arguing that removal from the Trial Court had been improper. Based on a ruling out of this court, the District Court granted Passmore's motion to set aside

4

judgment and vacated all of its prior rulings. In *State ex rel. Caszatt v. Gibson*, 11th Dist. Lake No. 2012-L-107, 2013-Ohio-213, ¶27-28, we held that an order to realign parties "is clearly and patently not authorized by the Rules of Civil Procedure. * * * There is no provision in the civil rules to allow the parties (or the court for that matter) to magically transform a counterclaim into a complaint." As a result, the District Court denied the motions to confirm the arbitration award based on lack of subject matter jurisdiction and remanded the matter back to the Trial Court.

{¶10} Discover Bank and Levy subsequently filed motions before the Trial Court to confirm the arbitration award, and the Trial Court held a hearing. On August 6, 2015, the Trial Court issued a judgment entry granting the motions and dismissing Passmore's counterclaims. It is from this entry that Passmore now appeals. She assigns three errors for our review:

> [1.] The trial court committed prejudicial error in finding that the July 15, 2014 Judgment of the U.S. District Court denying the motion to confirm the arbitration award was not a final appealable order despite 9 U.S.C. 16 (a)(1)(D). * * *
>
> [2.] The trial court committed prejudicial error in finding that its June 10, 2011 'Order Denying Motion to Compel Arbitration and to Stay or Dismiss Claims' was not a final appealable order despite R.C. 2711.02(C) or R.C. 2505.02(B)(2). * * *
>
> [3.] The trial court committed prejudicial error in granting a 'Motion for Realignment of the Parties.'

{¶11} Passmore maintains the Trial Court "committed prejudicial error in failing to deny the current motions to confirm arbitration award." Under her first assignment of error, Passmore argues the motions to confirm filed with the Trial Court were barred by res judicata. "The determination of whether an action is barred by the doctrine of res judicata is a question of law which an appellate court reviews de novo." *Miller v. Lagos*,

5

11th Dist. Trumbull No. 2008-T-0014, 2008-Ohio-5863, ¶15, citing *Rossow v. Ravenna*, 11th Dist. Portage No. 2001-P-0036, 2002-Ohio-1476, ¶7.

{¶12} Under the doctrine of res judicata, "[a] valid, final judgment rendered upon the merits bars all subsequent actions based upon any claim arising out of the transaction or occurrence that was the subject matter of the previous action." *Grava v. Parkman Twp.*, 73 Ohio St.3d 379 (1995), syllabus. Any issues that were raised or could have been raised in a direct appeal of a valid, final judgment are also barred by the doctrine of res judicata. *State v. Lintz*, 11th Dist. Lake No. 2010-L-067, 2011-Ohio-6511, ¶36, citing *State v. Perry*, 10 Ohio St.2d 175 (1967). "Further, it does not matter that the court which previously decided the claim is of a different jurisdiction than the court currently deciding the claim." *Smith v. Bd. Cuyahoga Cty. Commrs.*, 8th Dist. Cuyahoga No. 86482, 2006-Ohio-1073, ¶17, citing *Horne v. Woolever*, 170 Ohio St. 178, 183 (1959).

{¶13} To satisfy the doctrine, three elements must be met: (1) both actions must involve the same parties or their privies; (2) both actions must involve the same claim or issue; and (3) the first judgment must have been final, valid, and on the merits. *Johnson v. Cleveland City Sch. Dist.*, 8th Dist. Cuyahoga No. 94214, 2011-Ohio-2778, ¶38. "[W]hen a court declines to consider an issue – in effect rendering no judgment at all on the merits – there has not been a final judgment on the merits for purposes of res judicata." *Fraternal Order of Police v. Akron*, 9th Dist. Summit No. 23668, 2007-Ohio-7033, ¶19 (citation omitted).

{¶14} Here, Passmore asserts that Discover Bank and Levy were barred from filing the motions to confirm in the Trial Court because they failed to appeal from the

6

District Court's order that remanded the matter back to the Trial Court. She argues that, because the motions involve the exact same parties and the exact same issues, the Trial Court erred by granting the motions following remand. This argument erroneously assumes the District Court's order was a judgment on the merits.

{¶15} The sole issue to be determined in the motion to confirm the arbitration award was whether the award should be vacated, modified, or corrected for one of the enumerated grounds found in 9 U.S.C. §§ 10-11. The District Court notably did not remark on this underlying issue. In fact, the District Court specifically refused to rule on the merits of the motions because it found it lacked subject matter jurisdiction to do so. It held that removal of the case had been improper, and therefore it "lacked jurisdiction to enter any order in this case." The District Court acknowledged that "[s]ome jurisdiction arguably exists to confirm the arbitration award under the Federal Arbitration Act," but found that "the better approach" was to direct Discover Bank and Levy to file the appropriate motions in the Trial Court. The District Court thus relinquished subject matter jurisdiction; it did *not* deny the motions to confirm on the merits. As a result, Discover Bank and Levy were not barred by the doctrine of res judicata from filing the motions to confirm in the Trial Court.

{¶16} Passmore's first assignment of error is without merit.

{¶17} Under her second assignment of error, Passmore asserts the Trial Court's initial order denying the motions to compel arbitration was a final, appealable order. Thus, Passmore argues, granting the motions to confirm was an improper reconsideration of the Trial Court's initial order.

{¶18} An order that grants or denies a stay of a trial pending arbitration "is a final order and may be reviewed, affirmed, modified, or reversed on appeal pursuant to the Rules of Appellate Procedure and, to the extent not in conflict with those rules, Chapter 2505. of the Revised Code." R.C. 2711.02(C). R.C. 2505.02(B) provides for seven categories of final orders. The only category that could arguably apply here is found in (B)(1): "[a]n order that affects a substantial right in an action that in effect determines the action and prevents a judgment." Our standard of review on appeal is de novo. *See Akron v. Frazier*, 142 Ohio App.3d 718, 721 (9th Dist.2001).

{¶19} "[A] trial court does not have authority to reconsider its own final judgments." *Brown v. FirstEnergy Corp.*, 159 Ohio App.3d 696, 2005-Ohio-712, ¶8 (9th Dist.), citing *Pitts v. Ohio Dept. of Transp.*, 67 Ohio St.2d 378, 380 (1981). Until the trial court enters a final judgment, however, "its interlocutory orders are 'subject to revision at any time.'" *Capital One Bank (USA), N.A. v. Tenney*, 11th Dist. Trumbull No. 2010-T-0109, 2011-Ohio-4305, ¶18, quoting Civ.R. 54(B).

{¶20} In support of this assignment of error, Passmore relies on a statement made by the District Court in its remand order: "the most recent, valid order concerning the arbitration agreement was the state court's determination that no valid arbitration agreement exists. For the Court to accept the case and confirm the award as [appellees] request, the Court would cast doubt on the state court's factual determination." This statement, however, is an incorrect interpretation of the Trial Court's initial order. The Trial Court did not determine whether a valid arbitration agreement existed; rather, as acknowledged above, the Trial Court stated it could not

8

make that determination because of the lack of authenticated evidence before it. As a result, the order was not final and appealable under R.C. 2711.02.

{¶21} Further, we agree with the Trial Court that its order denying the motion to compel was interlocutory, as it did not determine the action and did not prevent further judgment: "On the contrary, it left Passmore's claims open pending further motion practice or trial." Therefore, the order was also not final and appealable under R.C. 2505.02.

{¶22} In its first order, the Trial Court did not make a determination as to whether a valid arbitration agreement existed. In its second order, the Trial Court stated, "the arbitration agreement at issue here is valid and binding on the parties." It made this determination based on evidence not before it at the time of the first order, to wit: Naami's notarized declaration. Whether this actually amounted to a reconsideration of the first order is irrelevant, as it was interlocutory and subject to revision at any time.

{¶23} Passmore's second assignment of error is without merit.

{¶24} Under her final assignment of error, Passmore argues the Trial Court committed prejudicial error in ordering a realignment of the parties after Discover Bank dismissed its claims against Passmore.

{¶25} We agree that the Trial Court erred in ordering Passmore to refile her counterclaim as an amended complaint so that the parties could be realigned. *See Caszatt*, *supra*, at ¶27-28 (an order to realign parties "is clearly and patently not authorized by the Rules of Civil Procedure"; "[t]here is no provision in the civil rules to allow the parties (or the court for that matter) to magically transform a counterclaim into

9

a complaint"). This is not reversible error, however, as it was not prejudicial to the ultimate outcome of the case.

{¶26} Again, we note Discover Bank and Levy refiled Naami's declaration in the District Court, which stated the cardmember agreement was a true and accurate copy. This time it was notarized and would have been admissible in the Trial Court, as well. In its entry confirming the arbitration award, the Trial Court stated, "the arbitration agreement at issue here is valid and binding on the parties." Thus, regardless of whether Passmore's claims were brought as an original plaintiff or as a counterclaim plaintiff, and regardless of whether the notarized declaration was refiled before the Trial Court or the District Court, the matter would eventually have been stayed pending arbitration. If we were to remand the case, the procedure might be different, but the result would be the same. Passmore therefore did not suffer prejudice as a result of being compelled to initiate arbitration by the District Court as opposed to the Trial Court.

{¶27} Passmore's third assignment of error is without merit.

{¶28} Finally, Discover Bank has requested an award of reasonable expenses, including attorney fees and costs, pursuant to App.R. 23. We do not find this appeal frivolous and therefore overrule Discover Bank's request.

{¶29} For the foregoing reasons, the judgment of the Lake County Court of Common Pleas is affirmed.


CYNTHIA WESTCOTT RICE, P.J.,

THOMAS R. WRIGHT, J.,

concur.

10