[Cite as *U.S. Bank Natl. Assn. v. Birovsek*, 2019-Ohio-838.]

# IN THE COURT OF APPEALS

# ELEVENTH APPELLATE DISTRICT

# LAKE COUNTY, OHIO

| | | |
|---|---|---|
| U.S. BANK NATIONAL ASSOCIATION, NOT IN ITS INDIVIDUAL CAPACITY BUT SOLELY AS TRUSTEE FOR THE RMAC TRUST, SERIES 2016-CT, | : | **O P I N I O N** |
| | : | |
| | : | **CASE NO. 2018-L-074** |
| Plaintiff-Appellee, | : | |
| - vs - | : | |
| | : | |
| MICHAEL J. BIROVSEK a.k.a. MICHAEL BIROVSEK, et al., | : | |
| | : | |
| Defendant-Appellant. | : | |

Civil Appeal from the Lake County Court of Common Pleas, Case No. 2016 CF 000248.

Judgment: Affirmed.

*Phillip Barragate*, *Christopher George Phillips*, and *Ashlyn M. Heider*, Shaprio, Van Ess, Phillips & Barragate, 4805 Montgomery Road, Suite 320, Norwood, OH 45212 (For Plaintiff-Appellee).

*Grace M. Doberdruk*, Law Office of Grace M. Doberdruk, 3401 Enterprise Parkway, Suite 340, Beachwood, OH 44122 (For Defendant-Appellant).

MATT LYNCH, J.

{¶1} Defendant-appellant, Michael J. Birovsek, appeals the following decisions of the Lake County Court of Common Pleas: the May 8, 2018 Final Judgment Entry granting default judgment in favor of plaintiff-appellee, U.S. Bank National Association; the April 26, 2018 Order Denying his Motion for Leave to File Answer; and the March

23, 2018 Order Denying his Motion to Dismiss. For the following reasons, we affirm the decision of the court below.

{¶2} On February 12, 2016, Nationstar Mortgage LLC filed a Complaint for Money Judgment, Foreclosure and Relief in the Lake County Court of Common Pleas against Birovsek and others not parties to this appeal.[1]

{¶3} On February 18, 2016, Birovsek was personally served with a copy of the Summons and Complaint. The Summons advised Birovsek that, "[w]ithin 28 days after service of this Summons upon you," he was required to "serve a copy of an Answer to the Complaint on the Plaintiff's Attorney or on the Plaintiff," and, "[w]ithin 3 days after you serve the Plaintiff or the Plaintiff's Attorney, file an Answer * * * with the Lake County Clerk of Court."

{¶4} On July 1, 2016, the trial court issued an Order Staying Litigation and Referring Case to Mediation. The Order advised Birovsek that, during the mediation process, "responsive pleadings may be filed."

{¶5} On July 10, 2017, the trial court issued an Order Returning Case to the Active Docket.

{¶6} On November 21, 2017, U.S. Bank was "substituted for Nationstar Mortgage, LLC as Plaintiff."

{¶7} On January 30, 2018, the trial court issued an Order and Notice to Plaintiff to Take Affirmative Action. U.S. Bank was ordered "to take affirmative action within 21 days of the date of this order," and was advised that, pursuant to Civil Rule 41(B)(1),

---

1. The other defendants were Alice M. Birovsek, the State of Ohio Department of Taxation, the City of Eastlake Tax Department, and the Lake County Treasurer.

2

"failure to comply with this order within 21 days will result in the dismissal of this action without prejudice."

**{¶8}** On March 5, 2018, U.S. Bank filed a Motion for Default Judgment.

**{¶9}** On March 15, 2018, Birovsek filed a Motion to Dismiss for Failure to Prosecute, asking the trial court to enforce its January 30, 2018 Order.

**{¶10}** On March 19, 2018, Birovsek filed a Motion for Leave to File Answer Instanter.

**{¶11}** On March 23, 2018, the trial court issued an Order Denying Birovsek's Motion to Dismiss.

**{¶12}** On April 26, 2018, the trial court issued an Order Denying Birovsek's Motion for Leave to File Answer.

**{¶13}** On May 8, 2018, the trial court issued a Final Judgment Entry, granting U.S. Bank's Motion for Default Judgment and entering judgment against Birovsek.

**{¶14}** On June 7, 2018, Birovsek filed a Notice of Appeal. On appeal, Birovsek raises the following assignments of error:

**{¶15}** "[1.] The trial court abused its discretion by denying appellant Michael Birovsek's Motion to Dismiss for Failure to Prosecute."

**{¶16}** "[2.] The trial court abused its discretion by granting a default judgment of foreclosure."

**{¶17}** In the first assignment of error, Birovsek contends the trial court erred by denying his Motion to Dismiss.

**{¶18}** Civil Rule 41(B)(1) provides: "Where the plaintiff fails to prosecute, or comply with these rules or any court order, the court upon motion of a defendant or on

3

its own motion may, after notice to the plaintiff's counsel, dismiss an action or claim." Typically, dismissal is reserved for those cases in which "the conduct of a party is so negligent, irresponsible, contumacious or dilatory as to provide substantial grounds for dismissal with prejudice for a failure to prosecute or obey a court order." (Citation omitted.) *Sazima v. Chalko*, 86 Ohio St.3d 151, 158, 712 N.E.2d 729 (1999).

{¶19} "The power to dismiss for lack of prosecution is within the sound discretion of the trial court, and appellate review is confined solely to whether the trial court abused that discretion," i.e., whether there existed an "unreasonable, arbitrary or unconscionable attitude on the part of the court granting such motion." (Citation omitted.) *Pembaur v. Leis*, 1 Ohio St.3d 89, 91, 437 N.E.2d 1199 (1982).

{¶20} We find no abuse of discretion. U.S. Bank's Motion for Default Judgment was filed only thirteen days after the twenty-one-day limit set by the trial court in its January 30 Order. It was certainly within the court's discretion to conclude that this relatively minor delay did not constitute conduct so negligent, irresponsible, contumacious or dilatory as to justify substantial grounds for dismissal. *Waterfall Victoria Master Fund Ltd. v. Yeager*, 11th Dist. Lake No. 2011-L-025, 2012-Ohio-124, ¶ 8 (rejecting the argument "that the trial court erred by failing to follow its own order [threatening dismissal]" inasmuch as "[i]t is equally in the court's discretion to *not* dismiss a case for failure to prosecute when it is satisfied by a party's subsequent action with regard to the case"), *rev'd on other grounds Fed. Home Loan Mgte. Corp. v. Rufo*, 2012-Ohio-5930, 983 N.E.2d 406 (11th Dist.).

{¶21} Additionally, as noted by U.S. Bank, an order giving notice of potential dismissal is an interlocutory order which the trial court is not bound to enforce inasmuch

4

as the court may vacate such order prior to final judgment. *Huntington Natl. Bank v. Haehn*, 10th Dist. Franklin No. 17AP-342, 2018-Ohio-4837, ¶ 24 (judgment entry warning of dismissal was an interlocutory order subject to reconsideration and revision "at any time before the entry of final judgment").

**{¶22}** The first assignment of error is without merit.

**{¶23}** In the second assignment of error, Birovsek contends the trial court erred by granting U.S. Bank's Motion for Default Judgment. The propriety of awarding U.S. Bank default judgment necessarily involves the consideration of the court's denial of Birovsek's Motion for Leave to File Answer Instanter.

**{¶24}** Default judgment may be awarded "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend as provided by these [civil] rules * * *." Civ.R. 55(A); *Davis v. Immediate Med. Servs., Inc.*, 80 Ohio St.3d 10, 14, 684 N.E.2d 292 (1997); *Bank of America, N.A. v. Smith*, 1st Dist. Hamilton No. C-170654, 2018-Ohio-3638, ¶ 19 ("Ohio appellate courts have held that 'the words "otherwise defend" refer to attacks on the service, or motions to dismiss, or for better particulars, and the like, which may prevent default without presently pleading to the merits'") (citation omitted).

**{¶25}** "When by these rules * * * an act is required or allowed to be done at or within a specified time, the court * * * may * * * upon motion made after the expiration of the specified period permit the act to be done where the failure to act was the result of excusable neglect." Civ.R. 6(B)(2). "A sufficient showing of excusable neglect is a necessary prelude to the granting of a motion to file an answer made after the period of

time provided in Civ.R. 12(A)(1)[2] for filing such answer." *Jenkins v. Clark*, 7 Ohio App.3d 93, 95, 454 N.E.2d 541 (2d Dist.1982); *State ex rel. Weiss v. Indus. Comm. of Ohio*, 65 Ohio St.3d 470, 472, 605 N.E.2d 37 (1992) ("[w]hen a motion for leave to answer is filed after the date the answer was due, Civ.R. 6(B)(2) permits an extension upon a showing of excusable neglect").

**{¶26}** "A trial court's decision to either grant a default judgment in favor of the moving party, or allow the defending party to file a late answer pursuant to Civ.R. 6(B)(2) upon a finding of excusable neglect, will not be reversed absent an abuse of discretion." *Huffer v. Cicero*, 107 Ohio App.3d 65, 74, 667 N.E.2d 1031 (4th Dist.1995); *Fourtounis v. Verginis*, 2017-Ohio-8577, 101 N.E.3d 101, ¶ 11 (8th Dist.) ("the discretion granted under Civ.R. 6(B)(2) is not unlimited, and there must be a showing of excusable neglect"); *Miller v. Lint*, 62 Ohio St.2d 209, 214, 404 N.E.2d 752 (1980) ("[w]hile this court is in general agreement with the universal practice of allowing trial courts broad discretion in settling procedural matters, such discretion, as evidenced by Civ.R. 6(B), is not unlimited, and * * * some showing of 'excusable neglect' was a necessary prelude to the filing of the answer").

**{¶27}** In his Motion for Leave to File Answer Instanter, Birovsek claimed "that he did not file an answer because he has been trying to obtain a loan modification and was communicating with the mortgage servicer." The trial court rejected Birovsek's claim:

> Here, there is absolutely no doubt that the defendant was well aware of the pending litigation. He was served by both personal service and certified mail. He also participated in mediation for nearly a year. During that time, nothing prevented him from answering the complaint. On the contrary, the court's order staying litigation specifically allowed for him to file responsive

---

2. Civil Rule 12(A)(1): "The defendant shall serve his answer within twenty-eight days after service of the summons and complaint upon him."

pleadings during the period of inactivity. It is fair to presume that the defendant knew that mediation failed. * * * Even if that was somehow unclear to him, however, he was served with a copy of the order reactivating the case. After that, the defendant received a copy of the plaintiff's motion to substitute party plaintiff. Based on this, the defendant cannot now credibly claim that he was unaware of the case or that he did not know it was proceeding against him. * * *

However, the court further finds that the fact that the case was removed from mediation in 2017 belies the reasons for not filing an answer alleged by the defendant in his motion. It is true that between July 1, 2016, and July 7, 2017, he was communicating with the mortgage servicer, and likely attempting to obtain a loan modification. But the mediator's report specifically stated that a mutually acceptable resolution could not be reached. From that point forward, there is no evidence on the record supporting the defendant's allegation that communications were ongoing or that he was trying to modify his loan. Therefore, the court finds the statements in the defendant's motion to be disingenuous.

{¶28} This court approves the lower court's reasoning as to why Birovsek's failure to file a timely answer was not excusable. *Compare 1st Fid. Loan Serv., L.L.C. v. Bellina*, 11th Dist. Lake No. 2014-L-092, 2015-Ohio-2199, ¶ 17 ("[a]ppellants never established any excusable neglect for failing to file an answer, especially in view of the fact that they participated in mediation and were fully aware of the pending litigation"); *Matthews v. Rader*, 11th Dist. Lake No. 2003-L-092, 2005-Ohio-3271, ¶ 21 (where the defendant "failed to demonstrate excusable neglect" his "answer was never properly filed" and "therefore, * * * a nullity").

{¶29} Birovsek counters that the trial court's denial of leave was unreasonable in light of the fact that the court allowed U.S. Bank to move for default contrary to its January 30, 2018 Order requiring affirmative action within 21 days to avoid dismissal of the action for failure to prosecute. Appellant's brief at 8 ("Appellee filed a late motion for

7

default judgment without official leave of court and * * * Birovsek gets a default judgment against him for a case he could believe would be dismissed based on the court's January 30, 2018 order").

{¶30} The trial court's allowance of U.S. Bank's Motion for Default contrary to court order is only superficially inconsistent with the refusal to allow Birovsek leave to file an answer out of rule. The January 30 Order was merely an interlocutory order of the court and, as such, "subject to change or revision by the trial court any time prior to the issuance of a final judgment." (Citation omitted.) *Whitehall v. Olander*, 10th Dist. Franklin No. 14AP-6, 2014-Ohio-4066, ¶ 21; *Discover Bank v. Passmore*, 11th Dist. Lake No. 2015-L-098, 2016-Ohio-3121, ¶ 19 (interlocutory orders are "subject to revision at any time"); Civ.R. 54(B).

{¶31} The provisions of Ohio's Civil Rules are not subject to revision or selective enforcement by the trial court. In *Miller v. Lint*, 62 Ohio St.2d 209, 404 N.E.2d 752 (1980), the Ohio Supreme Court considered an appeal in which the plaintiffs moved for default after the defendant failed to file any responsive pleading within rule. Following the motion for default, the defendant filed an answer and the case proceeded to trial. The Supreme Court reversed on the grounds that it was an abuse of discretion to allow the answer in the absence of some showing of excusable neglect. *Id.* at 214 ("the failure of the defendant to comply * * * with the procedures outlined in the Civil Rules subjected her to the motion for default judgment, and the plaintiffs, having complied with the Civil Rules, had a right to have their motion heard and decided before the cause proceeded to trial on the merits").

{¶32} In so ruling, the Supreme Court emphasized adherence to the mandates of the Civil Rules: "However hurried a court may be in its efforts to reach the merits of a controversy, the integrity of the procedural rules is dependent upon consistent enforcement because the only fair and reasonable alternative thereto is complete abandonment." *Id.* at 215.

{¶33} Accordingly, the import of the trial court's disregard of its own order is not comparable to its enforcement of the Civil Rules regardless of its effect on the outcome of the case. Even if this were not so, the particular circumstances of U.S. Bank's Motion for Default and Birovsek's Motion for Leave are distinguishable: the Motion for Default was filed less than two weeks out of order in contrast to the Motion for Leave filed more than two years out of Rule.

{¶34} The second assignment of error is without merit.

{¶35} For the foregoing reasons, the decisions of the Lake County Court of Common Pleas, entering default judgment in favor of U.S. Bank, denying Birovsek leave to answer, and refusing to dismiss for lack of prosecution, are affirmed. Costs to be taxed against the appellant.


THOMAS R. WRIGHT, P.J.,

MARY JANE TRAPP, J.,

concur.