[Cite as *US Bank Natl. Assn. v. Purola*, 2020-Ohio-5579.]

## IN THE COURT OF APPEALS

## ELEVENTH APPELLATE DISTRICT

## LAKE COUNTY, OHIO

| | | |
|---|---|---|
| US BANK NATIONAL ASSOCIATION AS SUCCESSOR BY MERGER OF US BANK NATIONAL ASSOCIATION ND, | : : | **O P I N I O N** |
| Plaintiff-Appellee, | : | **CASE NO. 2020-L-040** |
| - vs - | : | |
| ALBERT L. PUROLA, et al., | : | |
| Defendant-Appellant. | : | |

Civil Appeal from the Lake County Court of Common Pleas, Case No. 2019 CF 000416.

Judgment: Affirmed.

*Rick D. DeBlasis* & *William P. Leaman*, Lerner, Sampson & Rothfuss, 120 East Fourth Street, Suite 800, Cincinnati, OH 45202 (For Plaintiff-Appellee).

*Albert L. Purola*, pro se, 38298 Ridge Road, Willoughby, OH 44094 (Defendant-Appellant).


TIMOTHY P. CANNON, P.J.

{¶1} Appellant, Albert L. Purola, appeals from the judgment of foreclosure issued by the Lake County Court of Common Pleas. For the reasons discussed below, the trial court's judgment is affirmed.

{¶2} The following facts were provided by the parties and are supported by the record:

{¶3} Appellee, U.S. Bank National Association, filed a complaint for foreclosure on May 13, 2019, with regard to property located at 38298 Ridge Road, Willoughby, Lake County, Ohio. Attached to the complaint were copies of, inter alia, the promissory note and mortgage. The complaint named as defendants (1) appellant; (2) the unknown spouse of appellant;[1] (3) the Lake County Treasurer; (4) the Ohio Department of Taxation; and (5) Fidelity Bank.

{¶4} On April 10, 2019, Fidelity Bank filed an answer, and on April 12, 2019, appellant filed an answer. On April 22, 2019, the trial court referred the matter to mediation.

{¶5} The first mediation phone call occurred on May 8, 2019. At that time, appellant alleged that an offer had been received to purchase the property at a private sale, and the parties agreed to conduct another mediation phone call on July 10, 2019. The property ultimately never sold, and the second mediation phone call never took place.

{¶6} On July 15, 2019, appellee filed a motion to reinstate the foreclosure proceeding following the unsuccessful mediation. On July 22, 2019, appellee filed a motion to return the foreclosure to the active docket, stating: "As grounds, mediation completed without resolution/settlement of the issues underlying this matter due to the borrower's failure to appear at the July, 10, 2019 Mediation hearing and the Plaintiff wishes to proceed with the foreclosure action at this time." On July 26, 2019, the trial court ordered the matter be returned to the active docket.

{¶7} Appellant disputes he failed to attend the July 10, 2019 mediation, and he filed an objection to the trial court's order returning the case to the active docket on July

---

1. The unknown spouse was ultimately determined not to exist and was dismissed in the final judgment.

2

31, 2019. The objection stated, in full: "The Defendant objects to returning the case to the active docket. Defendant did not fail to attend the mediation hearing. There was no hearing. No one ever called that day, and Defendant reported that fact to the mediator later, but he has not heard from him." No subsequent request for mediation was made by appellant.

{¶8} On August 20, 2019, appellee filed a motion for summary judgment with an affidavit in support attached. The affidavit stated, inter alia, that appellee was the servicer of the promissory note on the property; that appellant had defaulted on his payment obligations and failed to cure the default; and that the conditions for acceleration of the loan had been met. The promissory note, mortgage, and merger documents were also among the attached documents to the filing. On September 13, 2019, appellant filed a brief in opposition to summary judgment and supporting affidavit. The sole contention made in the opposition brief was that appellant had an enforceable due process right to mediation, which he was not afforded because the July 10, 2019 mediation hearing was never actually conducted. Appellant did not challenge any of the evidence submitted by appellee in support of its motion for summary judgment.

{¶9} On February 24, 2020, the trial court—after considering the motion for summary judgment, the brief in opposition, and the evidence and affidavits submitted by the parties—determined that no genuine dispute of material fact existed. The trial court granted appellee's motion for summary judgment and entered a foreclosure decree.

{¶10} Appellant filed a timely appeal and asserts one assignment of error:

> The trial court erred in granting summary judgment that resulted from a structural error, as opposed to trial error, that undermines the entire framework in which a trial proceeds, *Arizona v. Fulminate*, 479 U.S. 279 i.e. by eliminating a pre-condition, mediation that had been

3

properly asked for and judicially ordered, which voids the entire process.

{¶11} In appellant's sole assignment of error, he argues the right to mediation vested once ordered by the trial court. Therefore, the trial court was without authority to return the matter to the active docket and decide the motion for summary judgment, and the matter should be returned to mediation for further settlement efforts. We disagree.

{¶12} "Where possible, it is generally within the discretion of the trial court to promote and encourage settlements to prevent litigation." *Rulli v. Fan Co.*, 79 Ohio St.3d 374, 376 (citation omitted). R.C. 2323.06 states that "[i]n an action for the foreclosure of a mortgage, the court *may* at any stage in the action require the mortgagor and the mortgagee to participate in mediation as the court considers appropriate * * *." (Emphasis added.) Likewise, this court reviews the decision to order or return a matter from mediation for an abuse of discretion. *Bank of Am., N.A. v. Singh*, 12th Dist. Butler No. CA2012-07-146, 2013-Ohio-1305, ¶22, citing *Bank of Am. v. Litteral*, 191 Ohio App.3d 303, 2010-Ohio-5884, ¶20-21 (2d Dist.). Under this standard, the reviewing court must consider all the evidence in the record, the reasonable inferences, and the credibility of the witnesses to determine whether the trier of fact clearly lost its way and created such a manifest miscarriage of justice that the decision must be reversed. *State v. Thompkins*, 78 Ohio St.3d 380, 387 (1997); *Smith v. Smith*, 11th Dist. Geauga No. 2013-G-3126, 2013-Ohio-4101, ¶42, citing *Eastley v. Volkman*, 132 Ohio St.3d 328, 2012-Ohio-2179.

{¶13} In the matter sub judice, the mediation order "was merely an interlocutory order of the court and, as such, 'subject to change or revision by the trial court any time prior to the issuance of a final judgment.'" *U.S. Bank Natl. Assn. v. Birovsek*, 11th Dist. Lake No. 2018-L-074, 2019-Ohio-838, ¶30, quoting *Whitehall v. Olander*, 10th Dist.

4

Franklin No. 14AP-6, 2014-Ohio-4066, ¶21. This court discussed the discretionary nature of mediation in a foreclosure context in *U.S. Bank Natl. Assn. v. Morales*, 11th Dist. Portage No. 2009-P-0012, 2009-Ohio-5635:

> Mediation is, by its very nature, a voluntary process; and, no law or rule cited by the Moraleses indicates that a trial court is required to offer it once litigation has commenced. It is discretionary. Thus, in response to Ohio's foreclosure crisis, the General Assembly has granted trial courts discretionary power to require parties to a foreclosure to participate in mediation. * * *
>
> Further, once the Moraleses had requested mediation in this case, October 17, 2008, they cancelled it November 4, 2008, upon the filing of their bankruptcy case. Thereafter, once the automatic stay was lifted by the bankruptcy court, December 11, 2008, the Moraleses did not again request mediation: they answered the complaint. They did not raise the issue again until they filed their objection to the summary judgment motion, February 19, 2009. By its judgment entries of March 2, 2009, the trial court attempted to reach the issue, construing the objection as a motion to vacate, and scheduling hearing in front of its magistrate for May 20, 2009. But prior to the hearing date, the Moraleses divested the trial court of jurisdiction to consider the issue of mediation (the only one raised by the February 19, 2009 objection), by noticing this appeal.

*Id.* at ¶23-24, citing *Howard v. Catholic Social Serv. of Cuyahoga Cty., Inc.*, 79 Ohio St.3d 141, 147 (1994).

{¶14} Similarly, appellant in the matter sub judice points to no case law or statute vesting a right to continue mediating in perpetuity until a resolution has been reached. Appellant was a participant in mediation in May 2019. The outcome of that mediation was apparently that appellant had a buyer prepared to purchase the property at a private sale. This sale apparently fell through. Following that, a second mediation was scheduled which was never conducted. Thereafter, appellee filed a motion with the trial court, and the trial court granted, the motion to return the case to the active docket because a resolution had not resulted from the mediation efforts.

5

{¶15} Finally, appellant has provided no information that would suggest any mediation would have been productive. A sale had fallen through, and there is apparently no dispute regarding the allegations in the complaint regarding the balance due or the entitlement of appellee to proceed with foreclosure. Given our standard of review, we cannot find that the trial court abused its discretion in returning the matter to the active docket and proceeding to rule on appellee's motion for summary judgment.

{¶16} Appellant's sole assignment of error lacks merit.

{¶17} In appellee's brief, it goes on to further address the issue of the granting of summary judgment on the merits as a secondary issue raised; however, appellant has not challenged the merits of the summary judgment determination outside of the issue of mediation. Appellant has not challenged any of the evidence presented to the trial court in support of summary judgment and has not assigned error on that basis. Therefore, the determination of summary judgment on the merits of the foreclosure claim filed by appellee is not before this court for review.

{¶18} The judgment of the Lake County Court of Common Pleas is hereby affirmed.


THOMAS R. WRIGHT, J.,

MARY JANE TRAPP, J.,

concur.

6