[Cite as *Fabec v. Frederick & Berler, L.L.C.*, 2022-Ohio-376.]

## COURT OF APPEALS OF OHIO

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

CHRISTINA FABEC, ET AL.,              :

    Plaintiffs-Appellants,              :

                                   No. 110562

    v.              :

FREDERICK & BERLER, LLC, ET AL.,              :

    Defendants-Appellees.              :

---

### JOURNAL ENTRY AND OPINION

**JUDGMENT:** AFFIRMED
**RELEASED AND JOURNALIZED:** February 10, 2022

---

Civil Appeal from the Cuyahoga County Court of Common Pleas
Case No. CV-20-928443

---

### *Appearances:*

Hoover & Gialluca, LLC, and Dean S. Hoover, *for appellants*.

Gallagher Sharp, LLP, Timothy T. Brick, and Lori E. Brown, *for appellees*.

---

MICHELLE J. SHEEHAN, J.:

{¶ 1} Appellants Christina Fabec, Brad Fabec, and Capital Management Holdings, LLC ("Capital Management") (hereinafter referred to collectively as "appellants") appeal the grant of summary judgment in favor of appellees Michael

Fine, Ronald Frederick, and Frederick & Berler, LLC (hereinafter referred to collectively as "appellees") in an action brought for legal malpractice. After a thorough review of the record and law, we affirm.

## I. PROCEDURAL HISTORY AND FACTS

{¶ 2} Appellants filed a legal malpractice action against appellees regarding their representation of Christina Fabec in litigation between her and Capital Management. The prior litigation was based on claims regarding collection efforts by Capital Management upon a debt incurred by Christina Fabec.

{¶ 3} Specifically, in November 2015, Christina Fabec obtained a short-term loan from a payday lender and eventually stopped making payments. In early 2018, debt collectors began calling Christina Fabec and some of her relatives. Christina Fabec and her husband, Brad Fabec, contacted Michael Fine to file a lawsuit against the debt collectors, having retained appellees to bring a similar action in 2017. Fabec and Fine learned that the owners and collection agents of the debt were Debt Management Partners, LLC ("Debt Management") and Capital Management.

{¶ 4} On June 5, 2018, Fine and Frederic filed a class-action lawsuit on behalf of Christina Fabec against Debt Management and Capital Management in the Cuyahoga County Court of Common Pleas. In July 2018, Debt Management caused the case to be removed to the United States District Court for the Northern District of Ohio, Eastern Division.

{¶ 5} On August 20, 2018, during a court telephone conference in the federal case, Debt Management and Capital Management verbally offered Frederick and Fine $6,000 to settle the case. This offer was rejected during the call without consulting Christina Fabec or her husband. On September 10, 2019, a court-ordered mediation was held and no settlement was reached. After the mediation, Dan D'Elia, a member of both Debt Management and Capital Management called the Fabecs directly and made an offer of $10,000 to settle the litigation. The Fabecs accepted the offer. On September 12, 2019, Brad Fabec sent an email to Fine discharging appellees from representing him and his wife. Christina Fabec thereafter cashed the settlement check on September 13, 2019.

{¶ 6} On September 16, 2019, a notice of dismissal was filed in the federal litigation. Fine and Frederick objected to the dismissal and filed a motion for sanctions. Capital Management filed a motion for sanctions against appellees. The federal court granted the motion to dismiss and denied the motions for sanctions.

{¶ 7} On January 27, 2020, Christina Fabec, Brad Fabec, and Capital Management filed a legal malpractice complaint against appellees. In the first count of the complaint, the Fabecs alleged that the lawyers filed a class action in the federal case without their knowledge, did not inform them of the 2018 settlement offer, and prolonged the federal litigation in order to maximize their own fees. In the second count of the complaint, Capital Management alleged that the Fabecs' attorneys and their firm engaged in malicious conduct and acted with

malice toward Capital Management with the motive of maximizing their fees in contravention of the interests of their clients.

{¶ 8} On November 30, 2020, appellees filed a motion for summary judgment. As to the first count of the complaint, they argued that because Brad Fabec was not a party to the federal litigation, he could not incur damages for any failure to settle a lawsuit to which he was not a party. As to Christina Fabec, they argued that there is no evidence she suffered any damages as a result of any malpractice that they may have committed. As to the second count of the complaint, appellees argued that there is no evidence that they acted with malice that would sustain Capital Management's claim of legal malpractice as a third party.

{¶ 9} On May 12, 2021, the trial court granted summary judgment. In deciding the motion, the trial court assumed that appellees committed legal malpractice by not informing Christina Fabec and her husband of the 2018 settlement offer. Having assumed legal malpractice occurred, the trial court then determined as to Brad Fabec's claim, he could not recover damages based on legal malpractice because he was not a party to the federal litigation.

{¶ 10} As to Christina Fabec's claims, the trial court determined that she sustained no damages caused by the alleged legal malpractice. It found that by accepting a $10,000 settlement one year after she could have received a $6,000 settlement, there was no evidence presented that there was a loss of time-value of money from 2018 to 2019.

{¶ 11} As to Christina Fabec's potential claim that appellees could seek legal fees, the trial court found that appellees waived any claim to collect those fees by not filing a compulsory counterclaim in the instant litigation. As to her claim that she and her husband expended money and time opposing an eviction, the record showed that the eviction case was dismissed before any lawsuit was filed on Christina Fabec's behalf. Regarding her claim that there was a lost opportunity for a larger settlement and that the underlying debt was not extinguished, the trial court found that her own actions in settling the case served to sever any causal connection between the alleged malpractice and damages from her own actions in settling the case.

{¶ 12} In finding summary judgment appropriate as to Capital Management's claims, the trial court noted that there is little case law in Ohio to determine what constitutes malice in the context of third-party legal malpractice claims, concluding that as a minimum, "malice can't be proved without something beyond the friction that arises from the inherently adversarial relationship between plaintiff's counsel and a defendant in a lawsuit." The trial court found that the rejection of the settlement offer did not amount to malice against Capital Management where the offer by both Debt Management and Capital Management was made in a proposed class-action suit before any discovery was conducted. The trial court concluded that

the objective evidence of record, construed most favorably toward [Capital Management], does not create a genuine issue of material fact about whether [appellees] acted with malice, and without malice as a

substitute for the attorney-client relationship or privity they cannot be liable to [Capital Management] for legal malpractice.

## II. LAW AND ARGUMENT

A. Assignment of Error and Standards of Review

{¶ 13} Appellants raise one assignment of error, which reads:

The trial court erred in granting summary judgment when the summary judgment evidence presented genuine issues of material fact.

{¶ 14} Civ.R. 56 (C) provides that summary judgment shall be rendered if "the pleadings, depositions, answers to interrogatories, written admissions, affidavits, transcripts of evidence, and written stipulations of fact, if any, timely filed in the action, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Summary judgment is proper where

(1) there is no genuine issue of material fact; (2) the moving party is entitled to judgment as a matter of law; and (3) reasonable minds can come to but one conclusion and that conclusion is adverse to the nonmoving party, said party being entitled to have the evidence construed most strongly in his or her favor.

*Bohan v. McDonald Hopkins, LLC.*, 8th Dist. Cuyahoga No. 110060, 2021-Ohio-4131, ¶ 19, citing *Horton v. Harwick Chem. Corp.*, 73 Ohio St.3d 679, 653 N.E.2d 1196 (1995), paragraph three of the syllabus; *Zivich v. Mentor Soccer Club*, 82 Ohio St.3d 367, 696 N.E.2d 201 (1998). "The party moving for summary judgment bears the burden of demonstrating that no material issues of fact exist for trial." *Edvon v. Morales*, 8th Dist. Cuyahoga No. 106448, 2018-Ohio-5171, ¶ 17, citing

*Dresher v. Burt*, 75 Ohio St.3d 280, 292, 662 N.E.2d 264 (1996). If the movant satisfies the initial burden, then the nonmoving party has the burden to set forth specific facts that there remain genuine issues of material fact that would preclude summary judgment. *Id.* A trial court's grant of summary judgment is reviewed de novo. *Grafton v. Ohio Edison Co.,* 77 Ohio St.3d 102, 105, 671 N.E.2d 241 (1996).

{¶ 15} In this case, the trial court granted summary judgment on claims of legal malpractice. In such an action, a plaintiff must show (1) an attorney-client relationship giving rise to a duty, (2) a breach of that duty, and (3) damages proximately caused by the breach. *Montali v. Day*, 8th Dist. Cuyahoga No. 80327, 2002-Ohio-2715, ¶ 37, citing *Krahn v. Kinney*, 43 Ohio St.3d 103, 105, 538 N.E.2d 1058 (1989). Summary judgment in a legal malpractice action is appropriate where a "'plaintiff fails to establish a genuine issue of material fact as to any of the elements.'" *New Destiny Treatment Ctr., Inc. v. Wheeler*, 129 Ohio St.3d 39, 2011-Ohio-2266, 950 N.E.2d 157, ¶ 25, quoting *Shoemaker v. Gindlesberger*, 118 Ohio St.3d 226, 2008-Ohio-2012, 887 N.E.2d 1167, ¶ 8.

B. The Trial Court Properly Granted Summary Judgment as to Brad and Christina Fabec's Claims

{¶ 16} In resolving the motion for summary judgment, the trial court presumed appellees committed malpractice by failing to present the settlement offer to the Fabecs. In evaluating claims in a legal malpractice claim, a plaintiff is required to "provide some evidence of the merits of the underlying claim" in which the alleged legal malpractice occurred but may not be required to prove full success

in the underlying litigation. *Vahila v. Hall*, 77 Ohio St.3d 421, 428, 674 N.E.2d 1164 (1997). In a case where a plaintiff claims she would have been better off but for the alleged legal malpractice, the plaintiff must show that "but for appellant's conduct, they would have received a more favorable outcome in the underlying matter." *Environmental Network Corp. v. Goodman Weiss Miller, L.L.P.*, 119 Ohio St.3d 209, 2008-Ohio-3833, 893 N.E.2d 173, ¶ 19. Further, there must be a showing of damages to maintain a legal malpractice action. *Montali* at ¶ 37; *Huffman v. Huntington Bancshares, Inc.*, 10th Dist. Franklin No. 18AP-667, 2019-Ohio-2531, ¶ 33.

{¶ 17} In this case, the trial court granted summary judgment in favor of appellees against Brad Fabec because he was not a party to the litigation in which the alleged malpractice occurred, finding he could not have incurred damages. Brad Fabec argues that he does have standing to bring a claim because he was in an attorney-client relationship with appellees and that he sustained damages because his attorneys "lied" to him about the settlement offers. But because Brad Fabec was not entitled to any settlement in the federal litigation, any damages resulting from malpractice in that litigation would be damages available to the plaintiff, Christina Fabec, not to him. The trial court correctly determined Brad Fabec could not claim damages from malpractice occurring in litigation to which he was not a party and in granting summary judgment for appellees as to Brad Fabec's claims.

{¶ 18} Christina Fabec claimed appellees caused the following damages as a result of their legal malpractice, 1) the loss of use of the settlement proceeds, 2) a loss of time and expense contesting an eviction, 3) exposure to a claim by the defendants for their legal fees incurred in the federal litigation, 4) the loss of a larger possible settlement with Capital Management, and 5) continuing liability for the underlying consumer debt. The trial court found that these claims of damage are either unsupported by the evidence in the record or unrecoverable as a matter of law. We agree.

{¶ 19} The litigation in federal court in which the alleged malpractice occurred was settled. Appellees argued that because Christina Fabec settled the case on her own and collected more than the prior settlement offer, she cannot show that she was entitled to any damages, even were they found to have committed malpractice. In order to show there is a genuine issue of material fact as to damages, the record thus must contain some evidence that Christina Fabec sustained damages caused by appellees' alleged malpractice and that she "would have received a more favorable outcome in the underlying matter." *Environmental Network Corp.*, 119 Ohio St.3d 209, 2008-Ohio-3833, 893 N.E.2d 173, at ¶ 19.

{¶ 20} Christina Fabec produced no evidence that showed the receipt of a $6,000 settlement offer in 2018 produced actual economic damages as to any time-value calculation where she received a $10,000 settlement offer a year later. There was no evidence that would support the conclusion that $6,000 received in 2018 was greater in value than the $10,000 she received in 2019, especially

considering that had the original settlement offer been accepted, attorney fees and costs would have been deducted.

{¶ 21} Christina Fabec paid appellees no fees from the $10,000 settlement and will not be liable for any fees that may have been due appellees because the trial court found appellees waived collection of those fees by not filing a compulsory counter claim in the lawsuit as required by Civ.R. 13(A).[1] As to the claim she suffered damages because she could have used the money to contest an eviction action, that eviction action was dismissed prior to the initial offer of settlement.

{¶ 22} Christina Fabec also claimed damages due to a lost opportunity for a larger settlement and because the eventual settlement did not discharge her original debt. However, a plaintiff seeking damages in a legal malpractice case must show that the alleged malpractice caused the damages. *Montali*, 8th Dist. Cuyahoga No. 80327, 2002-Ohio-2715, at ¶ 37. A plaintiff's actions after the alleged legal malpractice may sever any finding of causation. *Modesty v. Michael H. Peterson & Assocs.*, 8th Dist. Cuyahoga No. 85653, 2005-Ohio-6022, ¶ 12-13.

{¶ 23} In this case, the trial court found, and we agree, that because Christina Fabec voluntarily settled the case with D'Elia, she prevented "[appellees] from getting *any* settlement from [Capital Management], much less one for more

---

[1] Appellees do not contest that they are precluded from attempting to collect any fees from Christina Fabec in the future, stating in their brief to this court, "[T]he trial court properly found there was no evidence that the [appellees] sought payment or that Mrs. Fabec was contractually obligated to pay the fees."

than $10,000." (Emphasis sic.) Further, the trial court found that by negotiating the terms of the settlement on her own, appellees could not be liable for any unfavorable terms in that settlement.

{¶ 24} Christina and Brad Fabec also argue that they suffered non-economic damages that preclude summary judgment. In their complaint, the Fabecs sought general damages for the alleged malpractice. In defense of appellees' motion for summary judgment, the Fabecs point to their own affidavits filed in the case that they suffered "emotional distress and outrage." Those statements alone do not provide evidence that they are entitled to damages for emotional distress or anguish, which requires some evidence that the emotional injury was severe and debilitating. *Cunningham v. Hildebrand*, 142 Ohio App.3d 218, 228, 755 N.E.2d 384 (8th Dist.2001); *Paugh v. Hanks*, 6 Ohio St.3d 72, 451 N.E.2d 759 (1983), paragraph 3a of the syllabus; *see also C.R. Withem Ents. v. Maley*, 5th Dist. Fairfield No. 01 CA 54, 2002-Ohio-5056, ¶ 50. Because there is no evidence of severe or debilitating emotional injury in the record, the trial court did not err by granting summary judgment as to those claims.

{¶ 25} Finally, Christina and Brad Fabec both claim that the possibility of nominal damages prevents the grant of summary judgment. In the case of legal malpractice, nominal damages are not available to a plaintiff where the plaintiff cannot prove actual damages. *See Oblak v. Lawrence*, 8th Dist. Cuyahoga No. 54473, 1988 Ohio App. LEXIS 4141 (Oct. 13, 1988) (It would be error to award

nominal damages where no damages were proven in legal malpractice case.).[2] In this case, there was no evidence that the alleged legal malpractice was shown to result in damages; accordingly, nominal damages would not be recoverable and the trial court did not error by granting summary judgment as to the Fabecs' claims.

C. The Trial Court Properly Granted Summary Judgment as to Capital Management's Claims

{¶ 26} Capital Management argues that appellees' alleged malpractice by not informing Christina Fabec of the settlement offer was performed with the intent of harming it by prolonging the litigation. "'[A]n attorney is immune from liability to third persons arising from his performance as an attorney in good faith on behalf of, and with the knowledge of his client, unless such third person is in privity with the client or the attorney acts maliciously.'" *Scholler v. Scholler,* 10 Ohio St.3d 98, 103, 462 N.E.2d 158 (1984), quoting *Petrey v. Simon,* 4 Ohio St.3d 154, 157, 158-159, 447 N.E.2d 1285 (1983). Capital Management thus can only maintain a claim of legal malpractice if it is able to show evidence that appellees acted with malice.

---

[2] The bar to recovering nominal damages in a malpractice action was first noted in *Craig v. Chambers,* 17 Ohio St. 253, 253 (1867), in which the court held, "[In] an action against the surgeon for malpractice, the plaintiff, if he shows no injury resulting from negligence, or want of due skill in the defendant, will not be entitled to recover nominal damages." In contrast, in a case involving an intentional tort, nominal damages could be recoverable without a showing of actual damages. *See Lacey v. Laird,* 166 Ohio St. 12, 139 N.E.2d 25 (1956).

{¶ 27} In the context of a third-party legal malpractice claim, this court has noted that malice "is indicative of 'the state of mind under which a person intentionally does a wrongful act without a reasonable lawful excuse and with the intent to inflict injury under circumstances that the law will imply an evil intent.'" *Fourtounis v. Verginis*, 2017-Ohio-8577, 101 N.E.3d 101, ¶ 22 (8th Dist.), quoting, *Criss v. Springfield Twp.,* 56 Ohio St.3d 82, 85, 564 N.E.2d 440 (1990), citing *Black's Law Dictionary* 956 (6th Ed.1990).

{¶ 28} The Tenth District Court of Appeals noted that it "defined 'malice' in the context of these types of cases to include actions taken by the attorney with an ulterior motive separate and apart from the good-faith representation of the client's interests." (Citations omitted.) *Ryan v. Wright*, 10th Dist. Franklin No. 06AP-962, 2007-Ohio-942, ¶ 19. That court further noted that "[m]alice has also been defined in this context to imply '"[a] condition of mind which prompts a person to do a wrongful act willfully, that is, on purpose, to the injury of another without justification or excuse."'" *Id.*, quoting *Moffitt v. Litteral*, 2d Dist., Montgomery No. 19154, 2002-Ohio-4973, ¶ 82, quoting *Black's Law Dictionary* 956 (6th Ed.1990). The Second District Court of Appeals found that

> [i]n our opinion, malice, as a substitute for an attorney-client relationship, cannot be predicated on actions by the attorney that the attorney is permitted to take, or even negligently may take, as part of the representation of plaintiffs' adversarial client. To constitute malice, the actions of the attorney must include a disregard of rights that the attorney, not the client, is required to protect and must include harm beyond that which legal action necessarily may inflict. In most circumstances, an attorney is not obligated to protect the rights of an adversary. Undoubtedly, every lawyer who throws a family

out into the cold in the dead of winter by pursuing a forcible-entry-and-detainer action has a great probability of causing harm. That scenario does not result in malpractice liability. Therefore, in our view, to constitute malice as a conscious disregard for the rights of others causing substantial harm that will suffice to substitute for an attorney-client relationship, facts must exist that demonstrate extra-legal activity.

*Id.* at ¶ 35.

{¶ 29} In this case, the trial court found that "malice can't be proved without something beyond the friction that arises from the inherently adversarial relationship between plaintiff's counsel and a defendant in a lawsuit." After reviewing the alleged malpractice, the failure to notify Christina Fabec of the initial settlement offer, the trial court concluded that appellees' actions did not constitute malice. The trial court considered the circumstances in which appellees rejected the $6,000 settlement, noting that appellees were bringing a class-action suit, no discovery was had, and the settlement offer came from two defendants whose respective roles in the underlying claims were specifically not known.

{¶ 30} In arguing error, Capital Management does not point to any specific evidence of ill-will on Fine's or Frederick's part that would allow a reasonable inference that the rejection of the offer without consulting Christina Fabec was done separate and apart from representing the interests of their client and the potential class they sought to represent. Accordingly, we agree with the trial court that Capital Management did not present objective evidence of actual malice that would entitle it to assert standing to maintain its third-party action for legal malpractice.

{¶ 31} Appellants' assignment of error is overruled.

## III.   Conclusion

{¶ 32} The trial court did not error in granting summary judgment to appellees where no recoverable damages accrued from the alleged malpractice. Brad Fabec could not show he suffered damages where he was not a party to the lawsuit in which the alleged acts of malpractice occurred. The record did not reflect that Christina Fabec suffered actual monetary damages due to appellees' alleged malpractice. Further, where no damages are shown in a legal malpractice case, nominal damages are not available. Finally, Capital Management failed to allege facts that demonstrated appellees acted with malice intended to harm Capital Management.

{¶ 33} Judgment affirmed.

It is ordered that appellees recover of appellants costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.


_____
MICHELLE J. SHEEHAN, JUDGE

SEAN C. GALLAGHER, A.J., and
MARY J. BOYLE, P.J., CONCUR