[Cite as *Formica v. Dehner*, 2016-Ohio-75.]

IN THE COURT OF APPEALS

TWELFTH APPELLATE DISTRICT OF OHIO

WARREN COUNTY


EDWARD J. FORMICA, et al., :

    Plaintiffs-Appellants, : CASE NO. CA2015-03-016

     : O P I N I O N
- vs - 1/11/2016

     :

JEFFREY A. DEHNER, et al., :

    Defendants-Appellees. :


CIVIL APPEAL FROM WARREN COUNTY COURT OF COMMON PLEAS
Case No. 13CV84833


Green & Green, Peter F. von Meister, Jared A. Wagner, and Jonathan F. Hung, 800 Performance Place, 109 North Main Street, Dayton, Ohio, 45402, for plaintiffs-appellants, Edward J. Formica and Julie A. Formica

Reminger Co., L.P.A., Joseph W. Borchelt, and Ian D. Mitchell, 525 Vine Street, Suite 1700, Cincinnati, Ohio, 45202, for defendants-appellees, Jeffrey A. Dehner and Lyons & Lyons Co., L.P.A.


**FISCHER, J.**

{¶1} Plaintiffs-appellants, Edward J. Formica and Julie A. Formica, appeal a decision of the Warren County Court of Common Pleas awarding them damages in a legal-malpractice action. We find no merit in their four assignments of error, and we affirm the trial court's judgment.

## I.   Factual Background

**{¶2}**   The record shows that on January 17, 2008, Edward was injured in a low-impact automobile accident caused by Robin Agno.   Subsequently, Edward hired defendants-appellees, Jeffrey A. Dehner and his law firm, Lyons & Lyons, Co., L.P.A., (collectively "Dehner") to represent him and his wife in a personal-injury suit against Agno.

**{¶3}**   Dehner filed a complaint in the Warren County Court of Common Pleas against Agno in Edward's name only.   Dehner failed to respond to Agno's requests for discovery and subsequent motions to compel discovery.   Dehner also failed to comply with the court's order to provide discovery.   After the court had scheduled a hearing to show cause why sanctions should not be imposed for failure to provide discovery, Dehner, without Edward's knowledge or consent, dismissed the action without prejudice, intending to refile it at a later date.

**{¶4}**   Dehner's mother had suffered from Alzheimer's disease for a number of years.   His elderly father had refused to put her in an institution and had insisted on caring for her himself.   Around the time Dehner had started representing Edward, his mother's condition had worsened, and his father's health declined.   Dehner was under substantial emotional and psychological strain, causing him to neglect his duties to his clients.   His father passed away shortly before Edward's case should have been refiled.

**{¶5}**   Upon realizing that he had failed to timely refile Edward's claim, Dehner was "embarrassed" and "ashamed."   By his own admission, he tried to put off the inevitable disclosure of his error.   He sent Edward a number of emails in which he failed to disclose that the case had been dismissed and which led Edward to believe it was still active.   Eventually, Edward learned through another attorney that his case had been dismissed.

**{¶6}**   The Formicas then filed a complaint against Dehner and his law firm asserting causes of action for legal malpractice, fraud, fraudulent concealment, punitive damages, and attorney fees. Both defendants collectively filed a motion for partial summary judgment on all of the Formicas' claims except the legal-malpractice claim.   The trial court granted the motion.

Among other things, the court held that the fraud claims were subsumed in the malpractice claim and that the Formicas had failed to prove that they had any additional damages attributable to the fraud.

{¶7} Because both defendants had admitted liability on the legal-malpractice claim, the case proceeded to trial on the issue of damages. Though the original accident had caused little damage to both cars and no obvious physical injuries at the time of the accident, Edward claimed to have suffered from numerous medical ailments as a result of the accident, little of which was corroborated by his doctors. The trial court refused to admit evidence regarding Dehner's "pattern of misconduct" with other clients, as well as other evidence the Formicas sought to present to the jury.

{¶8} After hearing the evidence, the jury awarded Edward $1,192.12 in damages and no damages for Julie's loss-of-consortium claim. The trial court journalized an entry for that amount. In that entry, the court also awarded the Formicas sanctions for a discovery violation of $5,492, interest, and court costs. This appeal followed.

## II. Fraud

{¶9} In their first assignment of error, the Formicas contend that the trial court erred in granting summary judgment in favor of Dehner on their claims for fraud and fraudulent concealment. They argue that Dehner's misrepresentations and concealment fell outside the scope of the attorney-client relationship, and therefore, the fraud claims are separate from the legal-malpractice claim. They also argue that they produced evidence demonstrating the damages they suffered as a result of Dehner's fraudulent conduct. This assignment of error is not well-taken.

{¶10} An appellate court reviews a trial court's ruling on a motion for summary judgment de novo. *Grafton v. Ohio Edison Co.*, 77 Ohio St.3d 102, 105, 671 N.E.2d 241 (1996); *Touhey v. Ed's Tree & Turf, L.L.C.*, 194 Ohio App.3d 800, 2011-Ohio-3432, 958 N.E.2d 212, ¶ 7 (12th Dist.). Summary judgment is appropriate if (1) no genuine issue of material fact exists for trial, (2) the

moving party is entitled to judgment as a matter of law, and (3) reasonable minds can come to but one conclusion and that conclusion is adverse to the nonmoving party, who is entitled to have the evidence construed most strongly in his or her favor. *Temple v. Wean United, Inc.*, 50 Ohio St.2d 317, 327, 364 N.E.2d 267 (1977); *Touhey* at ¶ 7.

{¶11} We need not reach the issue whether the fraud claims were separate and distinct from the legal-malpractice claim. We hold that the trial court was correct when it found that the Formicas did not show any additional damage from the alleged fraud beyond what they had lost due to Dehner's admitted malpractice.

{¶12} An essential element of fraud is an injury caused by justifiable reliance on a misrepresentation or concealment. *Gaines v. Preterm-Cleveland, Inc.*, 33 Ohio St.3d 54, 55, 514 N.E.2d 709 (1987). This court has stated that in a legal-malpractice case, the damages must be shown with certainty. "Damages that are speculative will not give rise to recovery." *Hover v. O'Hara*, 12th Dist. Warren No. CA2006-06-077, 2007-Ohio-3614, ¶ 61.

{¶13} The Formicas argued that the delay caused by the concealment caused them damages by depriving them of the opportunity to invest the money they would have received if the underlying suit had been properly prosecuted, and that this "lost investment opportunity" supports the damages element of the fraud claim. We disagree.

{¶14} The Tenth Appellate District has rejected the "lost investment opportunity" theory of damages as being too speculative. *See Beever v. Cincinnati Life Ins. Co.*, 10th Dist. Franklin Nos. 02AP-543 and 02AP-544, 2003-Ohio-2942, ¶ 54-55. It stated that "the requirement of 'certainty' in a damages claim is only met when the injured party 'would have had a substantial and measurable chance of a profit without a chance of loss.'" *Id.* at ¶ 55, quoting Restatement of the Law 2d, Torts, Section 912, Comment f (1979).

{¶15} Similarly, the Seventh Appellate District has rejected the concept of "delay damages," which is the loss of the use of the money the plaintiffs would have received sooner but for the conduct of the defendant, finding that such damages would be too speculative. *Elder v.*

*Olivito*, 7th Dist. Jefferson No. 97-JEX-00003, 1997 Ohio App. LEXIS 5939, *5-6 (Dec. 1, 1997). The court stated, "There will always be delays in judgments in legal malpractice cases. It is inherent in the nature of the proceedings. The legislature has spoken to many issues controlling malpractice actions but has not provided for 'delay damages.'" *Id.* at *6.

{¶16} In this case, the Formicas' alleged damages for "lost investment opportunities" were far too speculative as a matter of law to create an issue of fact for a jury. We agree with the trial court when it stated:

> [I]n this case the lost investment opportunity measure of damages is too speculative in nature. This theory presumes that had the concealment not occurred, the Formicas' personal injury claim would have reached its natural resolution swiftly enough for the Formicas—if they recovered damages—to place the proceeds in an investment account which would in turn yield a positive rate of return. However, the varying factors at play in this scenario—the speed of litigation, stock market fluctuations—make assessing this type of damages inherently speculative.

{¶17} The cases the Formicas cite do not support their argument. For example, in *MCI Comm. Servs. v. Barrett Paving Materials, Inc.*, 1st Dist. Hamilton No. C-100806, 2012-Ohio-1700, the First Appellate District, while stating that Ohio recognizes loss-of-use damages in commercial cases, found that the damages sought were inappropriate because they were too speculative. *Id.* at ¶ 44-45.

{¶18} We find no issues of material fact. Construing the evidence most strongly in the Formicas' favor, reasonable minds could come to but one conclusion—that the Formicas failed to prove an essential element of their fraud claims. Therefore, Dehner was entitled to summary judgment on their fraud claims, and the trial court did not err in granting summary judgment in Dehner's favor on those claims. We, therefore, overrule the Formicas' first assignment of error.

### III. Punitive Damages

{¶19} In their second assignment of error, the Formicas argue that the trial court erred

when it granted summary judgment to Dehner on their claim for an award of punitive damages. Both the Ohio Supreme Court and this court have held that a claim for punitive damages cannot exist independently of the underlying cause of action for which it is sought. *Moskovitz v. Mt. Sinai Med. Ctr.*, 69 Ohio St.3d 638, 649-650, 635 N.E.2d 331 (1994); *Morgan v. Ramby*, 12th Dist. Warren Nos. CA2010-10-095 and CA2010-10-101, 2012-Ohio-763, ¶ 46; *Roberts v. RMB Ents.*, 197 Ohio App.3d 435, 2011-Ohio-6223, 967 N.E.2d 1263, ¶ 48 (12th Dist.). Therefore, punitive damages may not be awarded in the absence of compensatory damages on the underlying claim. *Malone v. Courtyard by Marriott Ltd. Partnership*, 74 Ohio St.3d 440, 447, 659 N.E.2d 1242 (1996); *Moskovitz* at 649-650; *Morgan* at ¶ 46.

{¶20} In their complaint, the Formicas alleged that they were entitled to punitive damages based on Dehner's "misrepresentation and concealment." Thus, they were seeking punitive damages based on their fraud claims. Since they failed to establish any damages on their fraud claim, they could not recover on their claim for punitive damages. Consequently we overrule the Formicas' second assignment of error.

## IV. Attorney Fees

{¶21} In their third assignment of error, the Formicas argue that the trial court erred in granting summary judgment on their claim for attorney fees. They alleged no statutory basis for attorney fees. In their complaint, the Formicas sought attorney fees in the same count in which they had sought punitive damages, based on Dehner's alleged "misrepresentation and concealment." Thus, they only sought attorney's fees on their fraud claim.

{¶22} Absent a statutory basis for attorney fees, there is no separate tort action for the recovery of attorney fees absent an award of punitive damages and a finding of actual malice. *Digital & Analog Design Corp. v. N. Supply Co.*, 63 Ohio St.3d 657, 662, 590 N.E.2d 737 (1992); *Roberts v. Mike's Trucking, Ltd.*, 12th Dist. Madison Nos. CA2013-04-011 and CA2013-04-014, 2014-Ohio-766, ¶ 25-29. Since there was no award of punitive damages, the Formicas were not entitled to attorney fees. We, therefore, overrule the Formicas' third assignment of error.

## V. Evidentiary Issues

{¶23} Finally, in their fourth assignment of error, the Formicas contend that the trial court erred in not allowing them to present evidence of Dehner's "intentional wrongdoing, statements against interest, patterns of egregious misconduct, ethical violations, and evidence of damages." They argue that the trial court should not have prohibited them from (1) calling Dehner to testify; (2) presenting evidence relating to his fraudulent emails; (3) eliciting testimony about Dehner's written opinion as to the value of the bodily-injury claim; and (4) calling an expert witness to testify about Dehner's misconduct and the value of the Formicas' personal-injury and loss-of-consortium claims. This assignment of error is not well-taken.

{¶24} The admission or exclusion of evidence rests within the discretion of the trial court. *State v. Sage*, 31 Ohio St.3d 173, 510 N.E.2d 343 (1987), paragraph two of the syllabus; *State v. Barton*, 12th Dist. Warren No. CA2005-03-036, 2007-Ohio-1099, ¶ 97. An appellate court will not reverse a decision of the trial court to exclude evidence absent an abuse of discretion and a showing of material prejudice. *State v. Martin*, 19 Ohio St.3d 122, 129, 483 N.E.2d 1157 (1985); *State v. Thomas*, 12th Dist. Warren No. CA2010-10-099, 2012-Ohio-2430, ¶ 14.

{¶25} Because Dehner and his law firm admitted liability on the legal-malpractice claim and the claims for fraud, punitive damages, and attorney fees were not being tried, much of the evidence the Formicas sought to introduce was rendered irrelevant. *See* Evid.R. 401. The irrelevant evidence included much of Dehner's testimony about the conduct that constituted malpractice, as well as the some of the expert's testimony about Dehner's various ethical breaches. Evidence that is not relevant is inadmissible. *Cottrell v. Cottrell*, 12th Dist. Warren No. CA2012-10-105, 2013-Ohio-2397, ¶ 81. Therefore, the trial court did not err in excluding that evidence.

{¶26} The Formicas also sought to introduce evidence about Dehner's and their expert witness's valuations of the underlying bodily-injury case as being worth approximately $20,000 to $25,000. While this evidence was relevant to the settlement value of the underlying case, the trial

court excluded it, because it would have confused the jury. Evid.R. 403(A) provides that "[a]lthough relevant, evidence is not admissible if its probative value is substantially outweighed by the danger of unfair prejudice, of confusion of the issues, or of misleading the jury." The trial court's decision to admit or exclude evidence under Evid.R. 403 lies within the trial court's discretion and will not be reversed absent an abuse of discretion. *Williams v. Parker Hannifin Corp.*, 188 Ohio App.3d 715, 2010-Ohio-1719, 936 N.E.2d 972, ¶ 41 (12th Dist.); *State v. Blake*, 12th Dist. Butler No. CA2011-07-130, 2012-Ohio-3124, ¶ 33.

{¶27} Given the nature of the underlying accident and Edward's statement to Dehner that he was not inclined to settle for that amount, we cannot hold on the record before us that the trial court's decision to exclude this evidence based on its conclusion that its probative value was substantially outweighed by the danger of misleading the jury was so arbitrary, unreasonable or unconscionable as to connote an abuse of discretion. *See Blakemore v. Blakemore*, 5 Ohio St.3d 217, 218, 450 N.E.2d 1140 (1983); *Brickner v. Brickner*, 12th Dist. Butler No. CA2008-03-081, 2009-Ohio-1164, ¶ 10. We, therefore, overrule the Formicas' fourth assignment of error.

## VI. Conclusion

{¶28} We find no merit in the Formicas' four assignments of error. We, therefore, affirm the trial court's judgment.

{¶29} Judgment affirmed.


**HENDON, P.J.,** and **DEWINE, J.,** concur.


**Hendon, P.J.**, of the First Appellate District, sitting by assignment of the Chief Justice, pursuant to Section 5(A)(3), Article IV of the Ohio Constitution.

**Fischer, J.**, of the First Appellate District, sitting by assignment of the Chief Justice, pursuant to Section 5(A)(3), Article IV of the Ohio Constitution.

**DeWine, J.**, of the First Appellate District, sitting by assignment of the Chief Justice, pursuant to Section 5(A)(3), Article IV of the Ohio Constitution.