[Cite as *Reece v. Davis-Williams*, 2026-Ohio-328.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

Jeffrey Reece,                                                    :

        Plaintiff-Appellant,                      :            No. 24AP-725
                                   (C.P.C. No. 20CV-5147)
v.                                                                    :

                                   (REGULAR CALENDAR)
C. Raphael Davis-Williams et al.,             :

        Defendants-Appellees.                 :

D E C I S I O N

Rendered on February 3, 2026

**On brief:** *Wesp Barwell, LLC, Jud R. Mauger*, and *Gregory P. Barwell*, for appellant. **Argued:** *Jud R. Mauger*.

**On brief:** *Thomas & Thomas Attorneys*, and *Mark J. Sheriff*, for appellees. **Argued:** *Mark J. Sheriff*.

APPEAL from the Franklin County Court of Common Pleas

MENTEL, J.

{¶ 1} Plaintiff-appellant, Jeffrey Reece, appeals the decision of the Franklin County Court of Common Pleas. For the following reasons, we reverse and remand for a new hearing on damages.

## I. FACTS AND PROCEDURAL HISTORY

{¶ 2} Reece was an employee of PPG Industries Ohio, Inc. ("PPG") when he alleged he was discriminated against because of his race. Reece filed two charges with the Equal Employment Opportunity Commission ("EEOC"). Charge No. 846-2016-14799, alleged racial discrimination, and retaliation and charge No. 523-2017-01148 alleged racial and disability discrimination and retaliation. Reece then retained defendant-appellee, Attorney C. Raphael Davis-Williams, to represent him on the EEOC charges.

{¶ 3}   The EEOC completed the investigation in charge No. 846-2016-14799 and found that PPG had not properly maintained personnel and employment records. The EEOC did not make a finding regarding Reece's charge of discrimination. On August 8, 2018, the EEOC issued a determination letter to Attorney Davis-Williams and Reece, informing Reece that a lawsuit on the allegations must be filed within 90 days of his receipt of the letter.

{¶ 4}   On November 6, 2018, the EEOC issued a notice of right to sue ("NRTS") regarding charge No. 532-2017-01148 to Attorney Davis-Williams and Reece, informing Reece that if he wished to file a civil action on these allegations, he must do so within 90 days of his receipt of the notice. The EEOC concluded that it was unable to complete its investigation within the statutory 180-day period and terminated the investigation without making any findings.

{¶ 5}   On November 15, 2018, Attorney Davis-Williams filed a complaint in the U.S. District Court for the Southern District of Ohio regarding charge No. 846-2016-14799, after the 90-day period had expired. The record indicates that the allegations in charge No. 532-2017-01148 were not included in the untimely complaint.

{¶ 6}   After the complaint was filed, Attorney Davis-Williams failed to prosecute the action. He did not investigate the charges, failed to pursue any discovery, and shut off communications with Reece. Attorney Davis-Williams ignored discovery requests and did not respond to a motion to compel discovery. On October 1, 2019, PPG filed a motion for summary judgment. Attorney Davis-Williams did not file a response.

{¶ 7}   In January 2020, Attorney Davis-Williams closed his practice and vacated his law office. Reece was not informed about the move. Attorney Davis-Williams opened a post office box as a forwarding address but rarely checked it for mail. Attorney Davis-Williams did not move to withdraw from Reece's case.

{¶ 8}   On April 29, 2020, the district court found that the complaint was barred by the statute of limitations and granted PPG's motion for summary judgment. Attorney Davis-Williams had not informed Reece of any activity in his case. Reece ultimately contacted the district court and was informed that his case had been dismissed.

{¶ 9}   On August 6, 2020, Reece filed a legal malpractice action against Attorney Davis-Williams and his firm, The Law Office of Spater & Davis-Williams ("law firm"). Neither Attorney Davis-Williams nor the law firm filed an answer, and Reece obtained

default judgments against both. A damages hearing was held, and on May 22, 2021, the trial court issued a default judgment entry finding Reece was entitled to damages against Attorney Davis-Williams and the law firm in the amount of $125,000 for each claim, for a total of $250,000, plus costs. Attorney Davis-Williams did not appear at the damages hearing.

{¶ 10} On February 24, 2022, Attorney Davis-Williams filed a motion for relief pursuant to Civ.R. 60. The parties entered into a stipulated agreed order finding liability against Attorney Davis-Williams and his law firm, and the matter was set for a new damages hearing.

{¶ 11} After the damages hearing, the magistrate awarded Reece $15,000 as a nuisance fee. Reece's objections were overruled, and the trial court adopted the magistrate's decision. Reece now brings this appeal.

## II. ASSIGNMENT OF ERROR

{¶ 12} Appellant assigns the following as trial court error:

> The Trial Court erred and abused its discretion in adopting the magistrate's decision, including requiring success in the underlying case in a legal malpractice claim, did not conduct a de novo review in its decision, and did not follow existing law as to the determination of damages in a legal malpractice proceeding.

## III. STANDARD OF REVIEW

{¶ 13} A trial court is tasked with undertaking a de novo review of a magistrate's decision when objections are filed. *In re Estate of Klie*, 2017-Ohio-487 (10th Dist.). We review a trial court's decision adopting a magistrate's decision for an abuse of discretion. *Gasper v. Adkins*, 2018-Ohio-3941 (10th Dist.). However, we review questions of law de novo. *Taylor Bldg. Corp. of Am. v. Benfield*, 2008-Ohio-938.

{¶ 14} We review a challenge to a damage award with deference towards the trial court's judgment. *Whitt Sturtevant, L.L.P. v. NC Plaza L.L.C.*, 2015-Ohio-3976 (10th Dist.). The existence and amount of compensatory damages must be shown to a reasonable degree of certainty, and damages that are merely speculative will not give rise to recovery. *Beever v. Cincinnati Life Ins. Co.*, 2003-Ohio-2942 (10th Dist.).

## IV. LEGAL ANALYSIS

{¶ 15} Legal malpractice is "professional misconduct involving negligence or breach of contract," and legal malpractice claims are difficult, complex, and taxing. *Hicks v. Garrett*, 2012-Ohio-3560, ¶ 112 (5th Dist.). " '[T]o establish a cause of action for legal malpractice based on negligent representation, a plaintiff must show (1) that the attorney owed a duty or obligation to the plaintiff, (2) that there was a breach of that duty or obligation and that the attorney failed to conform to the standard required by law, and (3) that there is a causal connection between the conduct complained of and the resulting damage or loss.' " *Seoane-Vazquez v. Rosenberg*, 2019-Ohio-4997, ¶ 23 (10th Dist.), quoting *Vahila v. Hall*, 1997-Ohio-259, ¶ 17.

{¶ 16} The Supreme Court of Ohio has provided different standards for determining causation in legal malpractice cases. This argument implicates the "some-evidence" and "case-within-a-case" causation standards applicable to legal malpractice claims.

{¶ 17} We begin the discussion of the evidence required to establish legal malpractice with *Vahila,* where the Supreme Court set forth the "some-evidence" standard, which requires a plaintiff to demonstrate "some evidence of the merits of the underlying claim" to establish the causation element. *Vahila* at ¶ 17. The some-evidence standard normally applies where a plaintiff has suffered damage or loss, regardless of whether he would have been successful in the underlying matter. *McCarthy v. Abraham*, 2023-Ohio-4845 (10th Dist.). *Vahila* tasks a plaintiff to demonstrate a causal connection between the conduct complained of and resulting damage or loss. *Id.*

{¶ 18} The *Vahila* court determined that "depending on the situation, [a plaintiff may be required] to provide some evidence of the merits of the underlying claim," but it declined to "endorse a blanket proposition that requires a plaintiff to prove, *in every instance*, that he or she would have been successful in the underlying matter." (Emphasis added.) *Vahila* at ¶ 17. If a plaintiff alleges an attorney committed legal malpractice by failing to assert a cause of action, "it is necessary for the trial court to examine whether the claims that the attorney allegedly should have asserted were at least colorable." *Williams-Roseman v. Owen*, 2000 Ohio App. LEXIS 4254, *9 (10th Dist. Sept. 21, 2000).

{¶ 19} Next, in *Environmental Network Corp. v. Goodman Weiss Miller, L.L.P.*, 2008-Ohio-3833, ¶ 16, the Supreme Court set forth the "but for" test for causation where

the merits of the malpractice action are predicated on the merits of the underlying case. *Carter v. Vivyan*, 2012-Ohio-3652 (10th Dist.). Under this doctrine, the employment discrimination claims are litigated between the plaintiff and plaintiff's former counsel, "with the latter taking the place and bearing the burdens that properly would have fallen on the defendant in the original action." *R&J Solutions, Inc. v. Moses*, 2021-Ohio-1315, ¶ 28 (10th Dist.). This method for demonstrating legal malpractice has been given the popular name of a case within a case. *Century Media Corp. v. Carlile Patchen Murphy & Allison*, 773 F.Supp. 1047 (S.D.Ohio 1991).

{¶ 20} The case-within-a-case standard applies where the malpractice theory places the merits of the underlying litigation directly at issue. *McCarty v. Pedraza*, 2014-Ohio-3262, ¶ 18 (2d Dist.). In such a case, a malpractice plaintiff must show that he would have been successful in the underlying litigation but for the alleged malpractice. *Id.* The standard is necessary in such cases to be in accord with " 'the established rule that a plaintiff must establish by a preponderance of the evidence that defendant's actions were the proximate cause of plaintiff's losses.' " *Resor v. Dickie*, 2023-Ohio-4087, ¶ 20 (3d Dist.), quoting *Environmental Network Corp.* at ¶ 20. (Further citations omitted.) "Absent such a showing, causation and damages cannot be proven." *Smith v. Law Office of Karen Oakley, L.L.C.*, 2023-Ohio-3819, ¶ 18 (2d Dist.).

{¶ 21} The goal is to recreate "what 'should have been' at the time of the underlying action for purposes of assessing the attorney's allegedly negligent conduct." Mallen & Smith, *Legal Malpractice*, § 33.9 (4th Ed. 1996). Therefore, a plaintiff in a legal malpractice claim must prove both that her attorney was negligent and that the resulting "case within a case" would have resulted in success without the attorney's negligence. *Young-Hatten v. Taylor*, 2009-Ohio-1185, ¶ 26 (10th Dist.).

{¶ 22} A court is faced with the task of not merely sitting in judgment of the case before it, but must also weigh and determine the probable outcome of an underlying cause of action upon which the malpractice was allegedly performed. In a situation where the attorney's misconduct has frustrated plaintiff's ability to prosecute a case, "the trier of fact may consider whether the defendant lawyer's misconduct has made it more difficult for the plaintiff to prove what would have been the result in the original trial." *Environmental Network Corp.*, 2008-Ohio-3833, at ¶ 16, citing Restatement of the Law 3d, Law Governing Lawyers, § 53, Comment b (2000).

**{¶ 23}** Closely associated with causation is the issue of damages. A client must have incurred damages as a direct and proximate result of an attorney's malpractice. *Northwestern Life Ins. Co. v. Rogers*, 61 Ohio App.3d 506 (10th Dist.).

**{¶ 24}** A plaintiff seeking damages in a legal malpractice case must show that the alleged malpractice caused the damages. *Endicott v. Johrendt*, 2000 Ohio App. LEXIS 2697 (10th Dist. June 22, 2000). A plaintiff alleging legal malpractice must prove a calculable financial loss with a causal connection to the attorney's conduct. *Tarazi v. Siddiqi*, 2020-Ohio-3432 (10th Dist.). As such, mere speculatory damages will not give rise to recovery. *Nu-Trend Homes, Inc. v. Law Offices of DeLibera, Lyons & Bibbo*, 2003-Ohio-1633 (10th Dist.). However, expert testimony on damages is not required. *McGraw v. Jarvis*, 2021-Ohio-522 (10th Dist.).

**{¶ 25}** While the body of law in Ohio regarding damages in legal malpractice claims is hardly substantial, other jurisdictions have addressed remedies where an attorney has destroyed a client's case. "Once the plaintiff proves injury, broad latitude is allowed in quantifying damages, especially when the defendant's own conduct impedes quantification." *Haslund v. Simon Property Group, Inc.*, 378 F.3d 653, 658 (7th Cir. 2004). "[I]n quantifying damages, a factfinder is permitted to consider a 'purely hypothetical' loss connected by a 'long and fragile' 'chain of speculation' to the attorney's alleged negligence." *Bissonnette v. Podlaski*, 2018 U.S. Dist. LEXIS 94198, *41 (N.D.Ind. June 5, 2018), quoting *Transcraft, Inc. v. Galvin, Stalmack, Kirschner & Clark*, 39 F.3d 812, 820 (7th Cir. 1994).

**{¶ 26}** The Restatement of the Law Governing Lawyers, § 53, Comment a, provides instruction that a trier of fact should take into consideration when a case is completely foreclosed by counsel's abandonment of the case. The some-evidence theory is promoted as the mechanism to establish damages where the conduct of counsel "deprived the plaintiff of a substantial chance of prevailing and that, due to that misconduct, the results of a previous trial cannot be reconstructed." Restatement, § 53, Comment b.

**{¶ 27}** This is consistent with Ohio law, which "recognizes that the 'case-within-a-case' standard is inappropriate in some types of malpractice cases," and the plaintiff must resort to the "some-evidence" standard and demonstrate, at a minimum, that the negligent attorney failed to assert colorable claims. *Pierre Invests., Inc. v. Anspach Meeks Ellenberger, LLP*, 2024 U.S. App. LEXIS 10561, *3 (6th Cir. Apr. 29, 2024), citing *Vahila*,

1997-Ohio-259, at ¶ 14-17. The "some-evidence" standard has been expanded to accommodate specific circumstances. *Waite, Schneider, Bayless & Chesley Co., L.P.A. v. Davis*, 2015 U.S. Dist. LEXIS 36771, *15 (S.D.Ohio Mar. 24, 2015), citing *McCarty*, 2014-Ohio-3262, at ¶ 17 (2d Dist.). A plaintiff is harmed as result of an attorney's negligence, regardless of whether the underlying claim would have been successful, when the attorney's misconduct negates any chance at pretrial settlement or mediation or "important evidence is lost over time due to an attorney's negligence in discovery." *Pierre Invests., Inc.* at *14.

{¶ 28} Reece notes the difficulty in proving the case-within-a-case method and the unfairness that results when a former counsel has placed the matter in a perilous position by abandoning his clients throughout a course of litigation. Here, it is clear that Attorney Davis-Williams' actions has made it nearly impossible for Reece to prove the result in the trial/litigation that never occurred. If the attorney's conduct has foreclosed any evidence being available, it is inconsistent to now preclude damages against the attorney.

{¶ 29} We note the rebuttal evidence offered by Attorney Davis-Williams during the damages hearing. The same lack of investigation and effort by Attorney Davis-Williams foreclosed Reece's ability to properly respond. Even though Reece presented some evidence of the merits of his claim, his attorney's conduct placed him at a disadvantage when the trial court strayed into the "case-within-a-case" territory. As a result, the trial court's decision was based on a "woefully incomplete record." *State v. Waddy*, 2016-Ohio-4911, ¶ 9 (10th Dist.). We do find Reece's claims colorable.

{¶ 30} Moreover, the trial-within-a-trial method may allow an attorney's negligence to shield him from malpractice liability. "Recreating the prior suit can be complicated, especially in cases that were never actually tried. Witnesses must be called and cross-examined; documents and other physical evidence must be presented." *Developments in the Law -- Lawyers' Responsibilities and Lawyers' Responses*, 107 Harv.L.Rev. 1547, 1569 (1994). This can be particularly challenging when the attorney's abandonment has left the plaintiff without critical evidence or legal strategies that could have been developed through proper representation. Attorney Davis-Williams' abandonment of the Reece case supports the application of the some-evidence theory without the attendant burden of having to litigate the underlying claim. *Eastminster Presbytery v. Stark & Knoll*, 2012-Ohio-900 (9th Dist.).

{¶ 31} " ' "The duty of an attorney to his client is to '. . . exercise the knowledge, skill, and ability ordinarily possessed and exercised by members of the legal profession similarly situated, and to be ordinarily and reasonably diligent, careful, and prudent in discharging the duties he has assumed.' " ' " *Phillips v. Wilkinson*, 2017-Ohio-8505, ¶ 14 (10th Dist.), quoting *Yates v. Brown*, 2010-Ohio-35, ¶ 17 (9th Dist.), quoting *Palmer v. Westmeyer*, 48 Ohio App.3d 296, 298 (6th Dist. 1988), quoting 67 Ohio Jur.3d, Malpractice, § 9, at 16 (1986). In addition, lawyers are required pursuant to the Ohio Rules of Professional Conduct to "inform themselves about the facts of their clients' cases and the applicable law and determine that they can make good faith arguments in support of their clients' positions." *Vossman v. AirNet Sys., Inc.*, 2018-Ohio-1940, ¶ 23 (10th Dist.).

{¶ 32} Without the foundational work that should have been performed by the attorney, the plaintiff may struggle to reconstruct the evidence needed to prove the merits of the underlying case. In cases involving an attorney's abandonment of a client, courts have "determined that it was unjust under the circumstances for the client to suffer the consequences of the attorney's inaction." *5106 Franklin, Inc. v. A & A, Inc.*, 2019-Ohio-2222, ¶ 28 (8th Dist.).

{¶ 33} A key consequence of Attorney Davis-Williams' abandonment is the impact on case preparation through discovery. Plaintiffs in employment discrimination cases are plagued by "information asymmetry" inasmuch as the employer typically controls the evidence and witnesses. *Pérez-Sosa v. Garland*, 22 F.4th 312 (1st Cir. 2022). Failure to pursue discovery is fatal to success in an employment discrimination case.

{¶ 34} In employment discrimination cases, the plaintiff lacks direct access to the evidence necessary to prove discriminatory intent, and a plaintiff must develop an employment discrimination case through discovery. *Witzigreuter v. Cent. Hosp. Servs.,* 2020-Ohio-5088 (8th Dist.). The discovery process allows plaintiffs to obtain documents and testimony from the defendant's employer, including internal emails, memos, personnel files, and information about comparator employees, as well as explanations from decision-makers regarding their actions. *Parrish v. Ford Motor Co.*, 1992 U.S. App. LEXIS 3361 (6th Cir. Feb. 7, 1992). Discovery enables the plaintiff to uncover whether the employer's decision-making was documented in potentially damaging ways, whether other employees were treated equally under similar circumstances, and whether inconsistencies exist in the employer's explanations or testimony. *Vossman*, 2018-Ohio-1940. Statistical data

showing patterns of discrimination or comparator evidence can be crucial in proving claims of discrimination, especially when direct evidence is unavailable. *Roty v. Battelle Mem. Inst.*, 2017-Ohio-9125. Failure to pursue discovery in an employment discrimination case is fatal to success and can prevent a plaintiff from effectively mounting a challenge to proffered employer defenses. *Chisholm v. Cleveland Clinic Found.*, 2017-Ohio-8060 (8th Dist.).

{¶ 35} The EEOC made a finding that PPG did not properly maintain employment and personnel records. We note that there is no private cause of action under § 2000e-8(c), which requires employers and employment agencies to make and keep certain employment records. *Carlson v. Ameriprise Fin.*, 2009 U.S. Dist. LEXIS 132440 (D.C.Minn. May 21, 2009). Likewise, there is no claim for failure to maintain records or spoilation of evidence under federal law. *Lombard v. MCI Telecommunications Corp.*, 13 F.Supp.2d 621 (N.D.Ohio 1998).

{¶ 36} However, the negligence of Attorney Davis-Williams deprived Reece of the opportunity for further investigation through discovery into the matter. The missing documents could entitle Reece to a statutory remedy and benefit "of a rebuttable presumption that the missing or destroyed documents would have bolstered [his] case" or any other relief. *Lombard* at 629 (whether the employer willfully destroyed the documents or merely lost them may be relevant to an award of sanctions but has no bearing on whether the employee is entitled to the presumption).

{¶ 37} Attorney Davis-Williams absconded from all legal duties related to his client. There was no attempt to correct his mistakes. Attorney Davis-Williams contends that he was busy travelling out of state tending to sick relatives during the majority of 2019. He never withdrew from his representation of Reece in the district court and allowed the claim to go to waste. Attorney Davis-Williams caused Reece to "lose" the action against the original defendant. *Pipino v. Norman*, 2017-Ohio-9048 (7th Dist.).

{¶ 38} Our focus here is the value of the lost discrimination claims and how the appropriate amount of damages is determined. When an attorney's malpractice foreclosed a client from bringing a discrimination action, the best measure of damages is the value of the discrimination claims. *Rinehart v. Maiorano*, 76 Ohio App.3d 413, 423 (6th Dist. 1991). When an attorney commits malpractice in a civil case, the lion's share of the damages derives from the value of the lost claim. *Paterek v. Peterson & Ibold*, 2008-Ohio-2790. The

plaintiff must prove the realistic value of a judgment against the underlying defendant as an element of his or her case. *Id.*

{¶ 39} An attorney's valuation of a case is "relevant to the settlement value of the underlying case." *Formica v. Dehner*, 2016-Ohio-75, ¶ 26 (12th Dist.). An attorney has a duty to ensure that a representation of value made to a client is accurate, informed, and within the scope of their professional responsibilities. *State v. Cowans*, 1999-Ohio-250; *see also Disciplinary Counsel v. Deters*, 2021-Ohio-2706 (attorney's opinion of case value made to a client is legal advice).

{¶ 40} An attorney must act with good faith and loyalty and provide candid, clear, and honest assessments of the value of a case, while ensuring that their advice is not misleading or overly optimistic. *State v. McKnelly*, 2024-Ohio-2696 (5th Dist.). A client is generally entitled to rely on his attorney's advice, including case valuation, as part of the professional relationship. *Candlewood Lake Assn., Inc. v. Scott*, 2001-Ohio-8873 (10th Dist.).

{¶ 41} Attorney Davis-Williams informed Reece that the two EEOC claims had a value of $90,000 to $125,000 for each claim. Reece relates that Attorney Davis-Williams based that amount on a recent settlement with similar claims. Reece presented an expert witness who opined that Reece would have prevailed at trial and stated that the two discrimination claims had a value of approximately $200,000, each, with a settlement value of half that amount.

{¶ 42} Under the facts and circumstances present in this matter, we find the some-evidence standard to be appropriate. Reece's theory of the case did not rely on demonstrating that he would have succeeded in the underlying case. Instead, on par with *Vahila*, he contends that Attorney Davis-Williams' abandonment caused him to sustain damages regardless of the fact that he may be unable to prove success in the underlying matter. Thus, in order to establish causation pursuant to *Vahila*, Reece must prove a casual connection between the conduct complained of and the resulting damage or loss by providing some evidence of the merits of the underlying claim. *Frump v. Conley*, 2000 Ohio App. LEXIS 538 (10th Dist. Feb. 17, 2000).

{¶ 43} We find that Reece has introduced evidence which affords a reasonable basis for the conclusion that it is more likely than not that the conduct of Attorney Davis-Williams was a substantial factor in bringing about the result. Although a mere possibility

of such causation is not enough, the plaintiff is not required to prove the underlying case beyond a reasonable doubt, and he need not negate entirely the possibility that defendant's conduct was not a cause. *Pipino*, 2017-Ohio-9048 (7th Dist.).

{¶ 44} The trial court incorrectly applied the case-within-a-case doctrine based on a "woefully incomplete record." *Waddy*, 2016-Ohio-4911, at ¶ 9 (10th Dist.). The circumstances in this matter mandate that the some-evidence standard is appropriate.

{¶ 45} Attorney Davis-Williams' repeated transgressions and callous disregard for the rights of Reece constitutes misconduct worthy of applying the "some-evidence" standard in this legal malpractice action, in accord to the established precedent that one size does not fit all. He abandoned the case but never withdrew from his representation of Reece in the district court and allowed the claim to go to waste. As a direct and proximate result, Reece lost the opportunity to prosecute his discrimination claims and lost the opportunity to settle those claims or receive a judgment. The breach is clear.

{¶ 46} We conclude that, based on the particular facts of this case, proof that there was some merit to Reece's underlying case is shown based on Attorney Davis-Williams' actions that totally foreclosed any ability to evaluate the merits. There was no need for proof of success in the underlying claim. We find that the trial court erred in fashioning its award of damages. Reece's sole assignment of error is sustained.

## V. CONCLUSION

{¶ 47} Having sustained Reece's sole assignment of error, we reverse the judgment of the Franklin County Court of Common Pleas with regard to the amount of damages and remand this matter to that court for further proceedings in accordance with law and consistent with this decision.

*Judgment reversed;*
*cause remanded.*

BOGGS, P.J., and DINGUS, J., concur.

————————————