[Cite as *Hargreaves v. Barwell*, 2026-Ohio-718.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| James D. Hargreaves, | : | |
| Plaintiff-Appellant, | : | No. 24AP-714 |
| | | (C.P.C. No. 22CV-601) |
| v. | : | |
| | | (REGULAR CALENDAR) |
| Gregory P. Barwell et al., | : | |
| Defendants-Appellees. | : | |

D E C I S I O N

Rendered on March 3, 2026

**On brief:** *F. Harrison Green*, for appellant. **Argued:** *F. Harrison Green.*

**On brief:** *Reminger Co., L.P.A.*, and *Melvin J. Davis*, for appellees. **Argued:** *Melvin J. Davis.*

APPEAL from the Franklin County Court of Common Pleas

DINGUS, J.

{¶ 1} Plaintiff-appellant, James D. Hargreaves, appeals from a judgment of the Franklin County Court of Common Pleas granting the summary judgment motion of defendants-appellees, Gregory P. Barwell ("attorney Barwell") and Wesp Barwell, LLC ("the Barwell law firm"), and denying as moot Hargreaves' motion for summary judgment. For the following reasons, we affirm.

## I. Facts and Procedural History

{¶ 2} In May 2015, attorney Stephen Martin began representing Hargreaves in a partition action in the Delaware County Court of Common Pleas that concerned a 340.44-acre property in which Hargreaves, along with five others, had an ownership interest. By order of the court, the property was sold by a licensed auctioneer, and Hargreaves received a distribution of $326,923.99 from the sale. In May 2017, Hargreaves, represented by

attorney Barwell, filed a legal malpractice action against attorney Martin relating to his representation of Hargreaves in the partition action, which was later voluntarily dismissed without prejudice in June 2017. The legal malpractice action was never re-filed against attorney Martin. In January 2022, Hargreaves filed an action against attorney Barwell and the Barwell law firm, alleging that attorney Barwell committed legal malpractice in Hargreaves' action against Martin, and that the Barwell law firm was vicariously liable for attorney Barwell's malpractice. Specifically, Hargreaves claimed that attorney Barwell committed legal malpractice by failing to file the initial legal malpractice action within the relevant statute of limitations and by failing to timely re-file the dismissed action. This appeal arises from the action against attorney Barwell and the Barwell law firm.

{¶ 3} On April 12, 2024, and after the parties engaged in extensive discovery, Hargreaves filed a motion for summary judgment as to his claims against attorney Barwell and the Barwell law firm. Three days later, attorney Barwell and the Barwell law firm moved for summary judgment. In November 2024, the trial court granted the summary judgment motion of attorney Barwell and the Barwell law firm and denied as moot Hargreaves' motion for summary judgment. The trial court found that, although a genuine issue of material fact existed as to the negligence of attorney Barwell, Hargreaves failed to present evidence to establish that attorney Barwell's purported negligence proximately caused any damages.

{¶ 4} Hargreaves timely appeals.

## II. Assignment of Error

{¶ 5} Hargreaves assigns the following sole assignment of error for our review:

> The Trial Court err in granting Barwell's Motion for Summary Judgment when there was sufficient evidence on Record to withstand a Summary Judgment Motion?

(Sic passim.)

## III. Discussion

{¶ 6} In his sole assignment of error, Hargreaves asserts that the trial court erred in granting attorney Barwell and the Barwell law firm's motion for summary judgment. This assignment of error is not well-taken.

{¶ 7} An appellate court reviews summary judgment under the de novo standard. *Estate of Sample v. Xenos Christian Fellowship, Inc.*, 2021-Ohio-3898, ¶ 9 (10th Dist.). De

novo review means the reviewing court independently analyzes the record while giving no deference to the trial court's decision. *Johnson v. Am. Italian Golf Assn. of Columbus*, 2018-Ohio-2100, ¶ 13 (10th Dist.).

{¶ 8} Summary judgment is appropriate only when the moving party demonstrates: (1) no genuine issue of material fact exists, (2) the moving party is entitled to judgment as a matter of law, and (3) reasonable minds could come to but one conclusion and that conclusion is adverse to the party against whom the motion for summary judgment is made, that party being entitled to have the evidence most strongly construed in its favor. Civ.R. 56(C); *State ex rel. Grady v. State Emp. Relations Bd.*, 1997-Ohio-221.

{¶ 9} Pursuant to Civ.R. 56(C), the moving party bears the initial burden of informing the trial court of the basis for the motion and identifying those portions of the record demonstrating the absence of a material fact. *Dresher v. Burt*, 1996-Ohio-107. However, the moving party cannot discharge its initial burden under this rule with a conclusory assertion that the nonmoving party has no evidence to prove its case; the moving party must specifically point to evidence of the type listed in Civ.R. 56(C) affirmatively demonstrating that the nonmoving party has no evidence to support the nonmoving party's claims. *Id.*; *Vahila v. Hall*, 1997-Ohio-259. Once the moving party discharges its initial burden, summary judgment is appropriate if the nonmoving party does not respond, by affidavit or as otherwise provided in Civ.R. 56, with specific facts showing that a genuine issue exists for trial. *Dresher* at ¶ 17; *Vahila* at ¶ 19; Civ.R. 56(E).

{¶ 10} The central issue before us is whether there existed a genuine issue of material fact concerning Hargreaves' legal malpractice claim against attorney Barwell. Hargreaves alleged attorney Barwell negligently represented him in his malpractice action against attorney Martin, who represented Hargreaves in a partition action filed in the Delaware County Court of Common Pleas. Hargreaves contends that attorney Barwell's negligence in the action against attorney Martin economically damaged him, and that the Barwell law firm was vicariously liable.

{¶ 11} To establish a cause of action for legal malpractice based on negligence, the following elements must be proved: (1) an attorney-client relationship, (2) professional duty arising from that relationship, (3) breach of that duty, (4) proximate cause, (5) and damages. *Shoemaker v. Gindlesberger*, 2008-Ohio-2012, ¶ 8; *Vahila* at ¶ 17. Failure to

establish any of these elements of a legal malpractice claim entitles the opposing party to summary judgment. *Shoemaker*; *Tarazi v. Siddiqi*, 2020-Ohio-3432, ¶ 9 (10th Dist.). Hargreaves argues he presented evidence in support of each element. Conversely, attorney Barwell and the Barwell law firm argue Hargreaves failed to present any evidence that attorney Barwell proximately caused Hargreaves to incur damages.

{¶ 12} The burden placed on a plaintiff in demonstrating causation depends on the type of legal malpractice claim brought. *Reece v. Davis-Williams*, 2026-Ohio-328 (10th Dist.). In *Reece*, this court explained that in certain cases, the plaintiff only must demonstrate " 'some evidence of the merits of the underlying claim' " to establish a causal connection between an attorney's negligence and the resulting damage. *Id.* at ¶ 17, quoting *Vahila* at ¶ 17. The some-evidence standard normally applies where an attorney's purported negligent conduct both deprived the plaintiff of a substantial chance of success on the underlying claim and frustrated the plaintiff's ability to later demonstrate the merits of that claim in a malpractice action. *Id.* at ¶ 26. In other cases, where the malpractice theory places the merits of the underlying litigation directly at issue, and the evidentiary record is not limited due to the attorney's alleged misconduct, the plaintiff must show that he would have been successful in the underlying matter. *Id.* at ¶ 20. This is known as the "case-within-a-case" causation standard. *Id.* at ¶ 19-20. Thus, while a plaintiff in a legal malpractice case must demonstrate, at a minimum, some evidence of the merits of the underlying claim, he or she is not required to prove "in every instance, that he or she would have been successful in the underlying matter." *Vahila* at ¶ 17. *See Cunningham v. Hildebrand*, 142 Ohio App.3d 218, 225 (8th Dist. 2001) (noting that even though a plaintiff alleging legal malpractice may not need to prove that he would have won the underlying case, such a plaintiff must, in every case, at least present some evidence of lost opportunity of success). Therefore, in support of a legal malpractice claim, "a plaintiff is required to 'provide some evidence of the merits of the underlying claim' in which the alleged legal malpractice occurred but may not be required to prove full success in the underlying litigation." *Fabec v. Frederick & Berler*, L.L.C., 2022-Ohio-376, ¶ 16 (8th Dist.), quoting *Vahila* at ¶ 17.

{¶ 13} Here, regardless of the burden placed on Hargreaves, he submitted no evidence reasonably supporting the proximate cause element of his underlying claim and,

therefore, summary judgment was appropriate. In Hargreaves' malpractice action against attorney Martin, he alleged that attorney Martin should have, in the partition action, more effectively challenged the sale of the property at auction. In the partition action, two co-owners of a 340.44-acre property sought the property's sale and equitable distribution of the proceeds to the property's six co-owners, which included Hargreaves. Equitable division of the property at issue without a sale was not feasible because of the differing development opportunities in the property's parcels. For the purpose of the auction, the auctioneer subdivided the property into parcels, and if the bids on the constituent parcels had totaled more than the bid on the entire property, it would have been sold in a subdivided manner. At the sale, Hargreaves bid on one of the parcels, but not on the entire property. Only one party, Siekmann LLC, submitted such a bid. Because the bidding total for the individual parcels did not exceed the single bid for the entire property, the property was sold to Siekmann LLC. The Delaware County Court of Common Pleas confirmed the sale to Siekmann LLC in June 2016, and the proceeds were distributed to all the co-owners, including Hargreaves, who received $326,923.99 as his portion of the proceeds. Hargreaves asserts that if attorney Martin had properly challenged the court-ordered sale by the auctioneer, the court would instead have ordered a Sheriff's sale, leading to a more favorable outcome for him. In essence, Hargreaves contends that he would have been better off if he had been able to acquire the parcel that he most wanted, or the entire property, at a price he was willing to pay.

{¶ 14} In support of Hargreaves' contention that he would have been more favorably positioned if attorney Martin had properly challenged the sale, he cites the reports of CPA Andrew W. Green and attorney Charles Kettlewell. Hargreaves argues that the experts' opinions, as set forth in their reports, raise genuine issues of material fact as to causation and damages. But these reports are not in the trial court record. While they were referenced as exhibits to the depositions of CPA Green and attorney Kettlewell, they were not filed with the depositions. As such, the trial court did not, and could not, consider them in resolving the summary judgment motions. And this court cannot consider the reports as we may only consider evidence that was before the trial court in the proceeding that was appealed and made part of the appellate record. App.R. 9; App.R. 12(A)(1)(b); *see State ex rel. Ohio Civ. Serv. Emps. Assn. v. State*, 2016-Ohio-478, ¶ 40, quoting *Morgan v. Eads*,

2004-Ohio-6110, ¶ 13 (" '[A] bedrock principle of appellate practice in Ohio is that an appeals court is limited to the record of the proceedings at trial.' "); *Schwind v. Ohio Dept. of Rehab. & Corr.*, 2022-Ohio-3995, ¶ 20 (10th Dist.) (an appellate court may not consider evidence outside the record before it). Therefore, we find as unavailing Hargreaves' reliance on the experts' reports to establish a nexus between attorney Martin's conduct and any claimed damages.

{¶ 15} Hargreaves argues that, even without the experts' reports, he submitted evidence of causation. He asserts that, but for attorney Barwell's negligent handling of the attorney Martin malpractice action, he would have obtained a more favorable outcome. This assertion is premised on the existence of at least some evidence supporting all of the elements of his malpractice claim against attorney Martin. As to that claim, Hargreaves asserts that but for attorney Martin's negligence in challenging the auctioneer sale, he would have obtained "a more favorable result in the partition action." (Hargreaves' Brief at 17.) Hargreaves generally alleges that there were irregularities in the partition sale by the licensed auctioneer, but he does not present any evidence that the process could have been challenged as legally flawed, and he acknowledges that he chose not to bid on the entire property. Nor does Hargreaves present any evidence that had the court, in the partition action, ordered the property to be sold at a Sheriff's sale, instead of by a licensed auctioneer, he would have obtained a financially more favorable outcome. And this is unsurprising, as predicting who would have bid and for how much, at a Sheriff's sale, is left to speculation. It is well-settled that speculative assertions do not create a genuine issue of material fact to defeat a summary judgment motion. *See, e.g.*, *Estate of Coumbassa v. Hickle*, 2023-Ohio-4292, ¶ 38 (10th Dist.). Thus, Hargreaves has presented no evidence to support his assertion that attorney Martin's conduct in the partition action caused him to obtain a less favorable outcome in the proceeding. In the final analysis, Hargreaves' dissatisfaction with the amount of his equitable distribution from the partition sale does not mean that there was any legal maneuvering that attorney Martin should, or even could, have taken to enable Hargreaves to acquire—to the exclusion of the property's other co-owners or anyone else—the relatively more valuable parcel that he wanted at a price that he was willing to pay. Consequently, we conclude the trial court did not err in finding that attorney Barwell is entitled to summary judgment.

{¶ 16} Next, we address Hargreaves' claim against the Barwell law firm that is based on vicarious liability. "In legal malpractice claims, the vicarious liability of a law firm is based upon the agency relationship between a law firm and its attorneys." *Illinois Natl. Ins. Co. v. Wiles, Boyle, Burkholder & Bringardner Co., L.P.A.*, 2010-Ohio-5872, ¶ 22 (10th Dist.), citing *Natl. Union Fire Ins. Co. of Pittsburgh v. Wuerth*, 2009-Ohio-3601. Absent direct liability of law firm principals or associates, there can be no vicarious liability of the law firm. *See id.* at ¶ 24.

{¶ 17} Here, the alleged vicarious liability of the Barwell law firm was based on the alleged direct liability of attorney Barwell for malpractice. Because we find the trial court did not err in finding that attorney Barwell is entitled to summary judgment as to Hargreaves' malpractice claim, we also find the trial court did not err in finding that the Barwell law firm is entitled to summary judgment as to Hargreaves' vicarious liability claim.

{¶ 18} For these reasons, we overrule Hargreaves' sole assignment of error.

## IV. Disposition

{¶ 19} Having overruled Hargreaves' sole assignment of error, we affirm the judgment of the Franklin County Court of Common Pleas.

*Judgment affirmed.*

JAMISON and LELAND, JJ., concur.

_____